PEOPLE *v.* WATERS

PEOPLE *v.* STITT

1. APPEAL AND ERROR — CRIMINAL LAW — EVIDENCE — PRESERVING QUESTION.

Defendants' contention that allowance of testimony of 4 policemen as to the circumstances of arrest of defendants was prejudicial error because cumulative and irrelevant cannot be considered on appeal, in absence of manifest injustice, unless objection was made either when the witness testified at trial or at some time before appeal.

2. CRIMINAL LAW—PRIOR POLICE RECORD—VIEWING POLICE PHOTOGRAPHS—TESTIMONY.

Defendants' motion for mistrial because complainant store owner testified that he looked at photographs at police headquarters after the holdup, was properly denied by the trial judge where the witness never said he identified defendant from the photographs and there was no mention of "mug shots" or prior records.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—DEFENDANTS' FAILURE TO TESTIFY—COMMENT.

Giving by trial judge on his own motion of a jury instruction to the effect that no consideration could be given to defendants' failure to take the stand in their own defense *held* not reversible error.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 545.
[2] 21 Am Jur 2d, Criminal Law § 369.
[3] 21 Am Jur 2d, Criminal Law § 356.
[4] 53 Am Jur, Trial § 646.
[5] 53 Am Jur, Trial §§ 797, 802.

4. Criminal Law—Joint Defendants—Separate Adjudication of
   Guilt—Instructions to Jury.

> Failure of trial court to emphasize in instructions to jury that
> the guilt of each defendant should be considered separately
> *held*, not error, where testimony establishes the 2 defendants
> operated jointly, a separate trial was not requested, different
> defenses were not offered, no instruction to the jury as to
> this issue was requested, and no objections to the charge
> were made.

5. Criminal Law—Instructions to Jury—Lesser Included Of-
   fense—Error—Miscarriage of Justice.

> Advising the jury that an instruction was requested as to a
> lesser included offense without identifying the source of the
> request is improper but not such as to deprive defendant of
> substantial rights or to result in a miscarriage of justice
> (CL 1948, § 769.26).

Appeal from Recorder's Court of Detroit, Robert
E. De Mascio, J. Submitted Division 1 November
13, 1968, at Detroit. (Docket Nos. 4,627, 5,573.)
Decided February 24, 1969. Leave to appeal denied
October 14, 1969. See 382 Mich 786.

Albert Waters and Edward Stitt were con-
victed of robbery armed. Defendants appeal.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief
Appellate Lawyer, and *Joseph C. Murphy* and
*Thomas P. Smith,* Assistant Prosecuting Attorneys,
for the people.

*Jerome A. Moore,* for defendant Stitt on appeal.

*Dominick R. Carnovale,* for defendant Waters on
appeal.

·BEFORE: LESINSKI, C. J., and J. H. GILLIS and BEER,* JJ.

J. H. GILLIS, J. Defendants, Albert Waters and Edward Stitt, were charged with armed robbery. CLS 1961, § 750.529 (Stat Ann 1969 Cum Supp § 28.797). They were jointly tried before a jury and found guilty. Motions for new trial were denied and defendants filed separate appeals to this Court, which were consolidated for argument. Defendants make 5 claims of reversible error, which we deal with consecutively below.

Defendant Stitt alleges that it was error to allow the prosecution to call 4 policemen to testify repetitively as to the circumstances of the arrest of Stitt which came a number of days after the holdup. He claims that the testimony was cumulative, irrelevant and prejudicial. However, no objection was made at the time these witnesses testified or any time before appeal, so this issue is not properly preserved for appeal. In the absence of manifest injustice, we decline to consider it now. *People* v. *Dorrikas* (1958), 354 Mich 303; *People* v. *Lewis* (1967), 6 Mich App 447.

Defendant Stitt next claims that the trial judge erred in refusing to declare a mistrial after the complainant store owner testified that he looked at photographs at police headquarters after the holdup.[1]

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

[1] The following was the entire exchange:

"*Q.* Did you have occasion that night or the following day to look at some photographs?

"*A.* I came down to 1300 to pick out some photos or to see if I could pick out photos of the holdup men.

"*Q.* Did you look at a number of photos?

"*A.* Quite a few."

At this point, defense counsel objected and the jury was excused. After argument by counsel, the trial judge refused to declare a mistrial but barred further questioning along that line as irrelevant.

Since defendants herein never took the witness stand, it is urged that their credibility or past records cannot be put in issue by disclosing that they had prior police records. Defendant Stitt contends that the reference to photographs at "1300" (*i.e.,* Detroit police headquarters at 1300 Beaubien) necessarily indicated to the jury that defendants had prior police records on file. Defendants cite cases where mention of "mug shots" or "prior records" necessitated mistrials. However, in the instant case, the witness never stated that he identified these defendants from the photographs and there was no mention of mug shots or prior records. It was certainly appropriate to stop this line of questioning and we think it was stopped before defendant was prejudiced. The trial judge did not abuse his discretion by denying the motion for mistrial..

Both defendants allege error in the trial court's charge regarding their failure to take the stand in their own defense. Even though the charge given was the standard one to the effect that no consideration could be given to their decision not to take the stand, defendants contend that in the absence of a request by them, the trial judge should not have given any charge on the subject. They claim that the charge given on the court's own motion, althoug worded favorably to defendants, would necessarily prejudice the jury simply by calling their attention to defendants' failure to take the stand. They further contend that *Griffin* v. *California* (1965), 380 US 609 (85 S Ct 1229, 14 L Ed 2d 106), requires silence from court and prosecutor when the defendant remains silent. But it is clear that *Griffin* forbids only adverse comment and does not speak of the problem raised in this case.[2] There is some split of

_____

[2] "We take that in its literal sense and hold that the Fifth Amendment, in its direct application to the Federal Government and in its

authority among lower courts (see annotation, 18 ALR3d 1337), but in 4 different circuits of the United States Court of Appeals it has been held that it is proper for a trial judge on his own motion to give a charge favorable to defendant. *Hanks* v. *United States* (CA 10, 1968), 388 F2d 171, 175; *Bellard* v. *United States* (CA 5, 1966), 356 F2d 437, 439; *Coleman* v. *United States* (CA 9, 1966), 367 F2d 388; *United States* v. *Kelly* (CA 2, 1965), 349 F2d 720, 769. And we note that trial counsel failed to object to the charge when given and specifically stated, in response to a query from the bench, that they were satisfied with the charges as given.

Defendants further allege that the trial court erred in failing to emphasize that the guilt of each defendant should be considered separately. The testimony established that the 2 defendants operated jointly. A separate trial was not requested, different defenses were not proffered, instructions to the jury pertaining to this issue were not requested, and objections to the charge were not made. We find no error on this issue. See *People* v. *Paremba* (1927), 240 Mich 489, 490.

Finally, error is alleged in that trial court gave an additional charge as to the included offense of simple assault and mentioned that the charge had been requested when, in fact, it had not. This issue was considered by this Court in *People* v. *Fred W. Thomas* (1967), 7 Mich App 519, 533. As in *Thomas,* the lower court here advised the jury that the instruction was requested but did not identify the source of the request. This was improper but the error was not such as to deprive defendants of sub-

bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or *instructions by the court that such silence is evidence of guilt.''* (Emphasis supplied.) 380 US 615 (85 S Ct 1233, 14 L Ed 2d 110).

stantial rights or to result in a miscarriage of justice.    CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).

Affirmed.

All concurred.