## PEOPLE v. CARDENAS

1. CRIMINAL LAW—NARCOTICS—POSSESSION—MARIHUANA—PRESENCE OF DRUG—KNOWLEDGE—INFERENCE.

   An inference that defendant knew of the presence of marihuana in his automobile could be drawn by the jury where the evidence showed that the arresting officer, as he approached defendant's car, saw defendant bend down toward the floor on the driver's side and that the officer found in that area a plastic bottle, the contents of which was later determined to be marihuana (MCLA § 335.153).

2. CRIMINAL LAW—NARCOTICS—MARIHUANA—POSSESSION.

   Possession of marihuana without a license is a violation of the statute relating to suppression of illegitimate traffic in narcotic drugs (MCLA § 335.151 *et seq.*).

3. CRIMINAL LAW—NARCOTICS—MARIHUANA—POSSESSION.

   Defendant's illegal possession of marihuana was established where he admitted that he had no license to possess it and there was an evidentiary inference that he knew of its presence in his automobile at the time of his arrest (MCLA § 335.153).

4. APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRESERVING QUESTION.

   Trial court's failure to instruct jury that defendant's knowledge of the presence of marihuana in his automobile was a prerequisite to finding of illegal possession was not reviewable by the Court of Appeals where defendant did not request an instruction on knowledge and, when given an opportunity to

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 45.
[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 16, 17.
[3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 47.
[4] 5 Am Jur 2d, Appeal and Error § 545.
[5] 5 Am Jur 2d, Appeal and Error § 778.
[6] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 46.

object to the instruction given, he not only failed to object to it but also indicated his approval (MCLA § 335.153; GCR 1963, 516.2).

5. WITNESSES—FORCED ANSWER—HARMLESS ERROR—MISCARRIAGE OF JUSTICE.

Actions of trial court in forcing a witness to answer a question over the objection of defense attorney who asked the question and in denying a defense motion for a mistrial on that ground were harmless errors and did not result in a miscarriage of justice (MCLA § 769.26; GCR 1963, 529.1).

6. CRIMINAL LAW — NARCOTICS — ILLEGAL POSSESSION — MARIHUANA — EXEMPT PORTION.

Testimony of a qualified expert witness that a substance found in defendant's car was marihuana was sufficient for the admission of that substance into evidence where defendant did not object to its admission on the ground that the people had failed to prove that the substance was not from the exempted portion of the marihuana plant (MCLA § 335.153[2] [f]).

Appeal from Wayne, Benjamin D. Burdick, J. Submitted Division 1 January 6, 1970, at Detroit. (Docket No. 6,939.) Decided February 6, 1970. Leave to appeal denied August 19, 1970. 383 Mich 820.

Arthur J. Cardenas was convicted by a jury of possession of marihuana without a license. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Owen J. Galligan,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: Lesinski, C. J., and J. H. Gillis and Quinn, JJ.

Quinn, J.    Defendant was convicted by jury verdict of possessing or having under his control marihuana, contrary to MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123).    He was sentenced and he appeals.

About 4:50 a.m., on May 27, 1968, an automobile owned by defendant but driven by one Buchanan pulled over to the side of the road and stopped.    A patrolling police car pulled in behind.    The driver of defendant's vehicle came to the police car, produced his driver's license, and when asked for the vehicle registration certificate, he said defendant was the owner.    Defendant was still sitting in his automobile.

As the officer approached defendant's automobile to obtain the registration certificate, he saw defendant bend down toward the floor on the driver's side. The officer directed his flashlight through the open door on the driver's side and to the area toward which defendant had bent down.    The light disclosed a clear plastic bottle with a white top.    On observing the contents of the bottle, the officer thought it contained marihuana and arrested defendant.    Subsequent examination determined that the contents were marihuana.    Defendant stipulated that he had no license as required by the statute cited above.

Defendant asserts four alleged reversible errors, the first of which is that there is no proof in the record that defendant knew of the presence of marihuana and that such knowledge is a prerequisite for a finding of possession.    The marihuana was found in defendant's car in an area thereof toward which defendant was seen to bend down.    From these facts, the jury could infer knowledge of the

presence of the marihuana, *People* v. *Eaves* (1966), 4 Mich App 457. On the basis of *Eaves* and the foregoing facts, defendant's possession of marihuana was established. Possession without a license is a violation of the statute, *People* v. *Eaves, supra, People* v. *Harper* (1962), 365 Mich 494, and it is admitted defendant had no license.

Defendant next contends that the trial court's failure to instruct the jury on the element of knowledge discussed in the preceding paragraph constitutes reversible error. The trial court read the information to the jury. The information was couched in the language of the statute. This gave the jury the basic elements of the crime charged, *People* v. *Kruper* (1954), 340 Mich 114. No request was made for an instruction on knowledge, and defendant was afforded an opportunity to object to the charge as given. He not only failed to object, he indicated approval of the charge as given. The alleged error relating to instructions is not before this Court. GCR 1963, 516.2.

During cross-examination of a police officer by defense counsel, the following testimony was given:

"*Q.* Do you know Ronald Buchanan?

"*A.* Yes, I do.

"*Q.* How long do you know him?

"*A.* I have known him since that time I arrested him.

"*Q.* Did you know him before that time after you found out his name?

"*A.* No, I did not. Did I know of him?

"*Q.* Yes, of him?

"*A.* I knew of him, yes.

"*Q.* How did you know about him?

"*A.* I had a teletype stating that the subject was—

"*Mr. Chalfin:* That's all.

"*The Court:* Just a moment (*to witness*) answer the question.

*"The Witness:* I had a teletype stating that Mr. Buchanan and Mr. Cardenas were seen in the area of several B&E's in Birmingham.

*"Mr. Chalfin:* I'll object. Your Honor, I will call for a mistrial on that.

*"The Court:* Denied.

*"Mr. Chalfin:* I didn't ask anything about this man here.

*"The Court:* Denied. You asked the question.

*"Mr. Chalfin:* I asked the question about Ronald Buchanan and not Arthur Cardenas.

*"The Court:* Just a minute. I want you to show some respect for the court.

*"Mr. Chalfin:* I apologize.

*"The Court:* I want you to be quiet for just a minute while I tell you this. You asked him how he knew about this other gentleman, and he told you how he knew. You asked for it. Motion for mistrial is denied. Please proceed."

Later this witness testified that he had no knowledge of any formal charge being made against defendant on any breaking and entering and no proof of any such charge appears in the record.

Defendant claims it was reversible error for the trial court to deny a mistrial. In support of this contention, defendant cites *People* v. *Askar* (1967), 8 Mich App 95, and *People* v. *Camel* (1968), 11 Mich App 219.

We find neither case applicable to the case before us. Both *Askar* and *Camel* involve proof of former offenses and such proof was elicited on direct examination by the prosecuting attorney from witnesses for the people. Here there was no proof of a former offense and the testimony urged as a basis for mistrial came in on cross-examination by the defendant in response to a question asked by defendant.

The objection made by defendant was proper and it should have been sustained. The trial court should not have forced the witness to answer. However, it does not affirmatively appear on this record that either or both errors resulted in a miscarriage of justice, and we hold they were harmless errors. MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096), GCR 1963, 529.1.

Finally, defendant seeks reversal because he contends the prosecution failed to prove that the substance found in his car was not the exempt portion of the marihuana plant. This contention is based on the statutory definition of marihuana, MCLA § 355.151(2)(f) (Stat Ann 1969 Cum Supp § 18.1121 [2][f]):

"All parts of the plant Cannabis Sativa. The term 'Cannabis' as used in this act shall include all parts of the plant Cannabis Sativa L., whether growing or not, the seeds thereof, the resin extracted from any part of such plant, and every compound, manufacture, salt, derivative, mixture or preparation of such plant, its seeds, or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from seeds of such plant, other compound, manufacture, salt, derivative, mixture or preparation of such mature stalks, except the resin extracted therefrom, fibre, oil, or cake, or the sterilized seed of such plant which is incapable of germination. This definition is to include marihuana and all allied plants of the Cannabis family which are habit forming."

A qualified expert testified that the substance here involved was marihuana. This was sufficient for the admission of the substance in evidence absent an objection to its admission on the ground the people had failed to prove the substance was not from the exempted portion of the plant. No objec-

tion was made to the admission of the substance in
evidence.

Affirmed.

All concurred.