PEOPLE v. WRIGHT

CRIMINAL LAW — PRIOR CRIMINAL RECORD OF DEFENDANT — RESPONSE
TO DEFENDANT'S QUESTION.
    A motion for a mistrial made on the ground that the com-
plainant, by stating she had looked for the defendant's
picture in the police files, created the possibility of an in-
ference by the jury that the defendant had a prior criminal
record was properly denied where the complainant's state-
ment was responsive to and attributable to the questioning
of defense counsel and where there was no direct testimony
that defendant's picture was among those pictures the com-
plainant had seen in the police files.

Appeal from Recorders Court of Detroit, Henry
Heading, J. Submitted Division 1 September 8,
1970, at Lansing. (Docket No. 7,589.) Decided
October 5, 1970.

James Wright was convicted of carnal knowledge
of a female with force against her will. Defendant
appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick Carnovale,* Chief,
Appellate Department, and *Gerard A. Poehlman,*
Assistant Prosecuting Attorney, for the people.

*Marshall C. Hill,* for defendant on appeal.

Before: QUINN, P. J., and McGREGOR and BRON-
SON, JJ.

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence §§ 322, 371 *et seq.*

Per Curiam. Defendant was found guilty by a jury of the felony of carnal knowledge of a female with force against her will[1] and sentenced to a term of 20 to 30 years in prison. Under cross-examination, the complaining witness in a responsive answer indicated that she looked for the picture of the defendant among the pictures in the police files. There was no direct testimony that a picture of the defendant was among those she viewed. A motion for mistrial was made because of the possible inference that the defendant had a prior criminal record; this motion was denied.

Defendant appeals, contending that the trial court erred in denying the motion for mistrial and that the in-court identification was irreparably tainted by the use of photographs for identification purposes.

Any prejudice which was raised by the comment by the complaining witness that she looked for the defendant's picture among the pictures in the police file can be attributed to the questioning of defense counsel. The complainant's answer was responsive to the rather broadly worded question of defense counsel. The defendant cannot now claim error on the basis of a responsive answer made to a question posed by his counsel. Furthermore, we note that there was no testimony that the defendant's picture was among those in the police files. Whatever inferences might have been raised are so tenuous that a miscarriage of justice was improbable. We also note that no objection was raised to the in-court identification of the defendant by the complainant; thus, this question was not properly preserved for review by this Court. *People* v. *Waters* (1969), 16 Mich App 33.

Affirmed.

---

[1] MCLA § 750.520 (Stat Ann 1962 Rev § 28.788).