PEOPLE v FRY

1. CRIMINAL LAW—IDENTIFICATION—ILLEGAL CONFRONTATION—IN-COURT IDENTIFICATION—INDEPENDENT BASIS.

An in-court identification preceded by a questionable or illegal confrontation will not be deemed inadmissible or prejudicial if the in-court identification has an independent basis.

2. CRIMINAL LAW—IN-COURT IDENTIFICATION—INDEPENDENT BASIS.

There was an independent basis for an in-court identification where the complainant was in the same room with his attacker for several hours, the attacker stayed overnight, the complainant went with him to a bank and was assaulted and robbed by him, and the complainant was able to describe his clothes and height.

3. CRIMINAL LAW—IDENTIFICATION—PHOTOGRAPHIC IDENTIFICATION—CASE PRECEDENT—RETROACTIVE APPLICATION.

Case law which disallows identification by photo when the accused is in custody is not to be applied retroactively.

4. CRIMINAL LAW—EVIDENCE—CREDIBILITY—PRIOR CONVICTIONS.

A defendant's prior felony convictions are admissible to test his credibility; therefore, it was not an abuse of discretion to deny defense counsel's motion to preclude the use of the defendant's prior convictions for credibility purposes (MCLA 600.2158).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 334, 335.

[3] 73 Am Jur 2d, Statutes § 347 *et seq.*

[4] 58 Am Jur, Witnesses § 734 *et seq.*

[5] 53 Am Jur, Trial §§ 511, 513, 514.
     5 Am Jur 2d, Appeal and Error § 623.

[6] 53 Am Jur, Trial §§ 511, 513, 514.
     67 Am Jur 2d, Robbery §§ 68, 69.

[7] 53 Am Jur, Trial §§ 699–701.
     Right of accused to instruction that his failure to testify shall not be taken against him. 84 L Ed 2d 261.

[8–10] 21 Am Jur 2d, Criminal Law §§ 533, 569, 572.

[9, 10] 21 Am Jur 2d, Criminal Law §§ 316–323.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—REQUEST FOR INSTRUC-
TIONS—IDENTIFICATION OF SOURCE.

It is improper for a court to inform the jury as to which party
requested instructions; however, a conviction will not be re-
versed where no miscarriage of justice resulted when the trial
court informed the jury that defense counsel requested instruc-
tions on two lesser included offenses (MCLA 769.26).

6. ROBBERY—INSTRUCTIONS TO JURY—SPECIFIC INTENT.

Failure to use the term "specific intent to permanently deprive
the owner of his property" when charging the jury in a prose-
cution for unarmed robbery is not assignable as error where no
request was made to instruct on intent and no objection was
recorded; and there was no reversible error where the instruc-
tions did not mislead the jury and were adequate and consist-
ent with substantial justice (MCLA 769.26; GCR 1963, 516.2).

7. CRIMINAL LAW—INSTRUCTIONS TO JURY—SELF-INCRIMINATION.

It is not reversible error to give to the jury, *sua sponte,* the
standard instruction regarding a defendant's right not to take
the witness stand.

8. CRIMINAL LAW—APPEAL AND ERROR—SENTENCING—PRIOR CONVIC-
TIONS—RIGHT TO COUNSEL.

A defendant's claim that his sentence was improperly imposed by
a sentencing judge who considered prior convictions which were
invalid because the defendant was indigent on each occasion
and was not offered counsel or informed of his right to counsel
will not be considered for the first time on appeal.

9. CRIMINAL LAW—SENTENCES—PRIOR CONVICTIONS—VALIDITY OF
PRIOR CONVICTIONS—RIGHT TO COUNSEL—HEARING—EVIDENCE
—BURDEN OF PROOF—DISTRICT AND PROSECUTING ATTORNEYS.

A defendant, to pursue a hearing to determine if the sentence
might have been different if the sentencing judge had known
that defendant's previous convictions had been unconstitution-
ally obtained because the defendant had been unrepresented by
counsel and he had been neither advised of his right to legal
assistance nor had he intelligently and understandingly waived
his right to the assistance of counsel, must (1) present prima
facie proof that a previous conviction was violative of his right
to counsel, such as a docket entry showing the absence of
counsel or a transcript evidencing the same; or (2) present
evidence that he has requested such records from the sentenc-
ing court and it has failed to reply or has refused to furnish

copies of records within a reasonable period of time; upon such presentation, either (1) or (2), the burden will then be upon the prosecutor to establish the constitutional validity of the prior conviction; thus, if the prosecutor contends that the defendant waived counsel, the burden will be on him to show affirmative record evidence of waiver, and if he obtains and furnishes the judge and the defendant or his lawyer with photocopies of records establishing the constitutional validity of the prior conviction, the judge may decide the matter on the papers presented unless the defendant, on notice, shows cause to hold a hearing at which he is present; unless the prosecutor furnishes such evidence within one month of the defendant's motion, the judge shall set the matter for an early hearing and order the production of the defendant at the hearing.

10. CRIMINAL LAW—SENTENCING—RESENTENCING—PRESENCE OF COUNSEL.

A defendant should be resentenced where he appeared at the sentencing *in propria persona,* the transcript is silent concerning the presence or advice of counsel, and the prosecutor stipulated that he should be resentenced.

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 June 6, 1974, at Grand Rapids. (Docket Nos. 18034–18035.) Decided August 14, 1974.

Donald L. Fry was convicted of unarmed robbery and, on his plea of guilty, of a fourth felony. Defendant appeals. Affirmed and remanded for resentencing as a fourth felony offender.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, *Donald A. Johnston, III,* Chief Appellate Attorney, and *David A. Dodge,* Assistant Appellate Attorney, for the people.

*Judith K. Munger,* Assistant State Appellate Defender, for defendant.

Before: HOLBROOK, P. J., and T. M. BURNS and
R. L. SMITH,* JJ.

HOLBROOK, P. J. Defendant was convicted by a
jury of unarmed robbery. MCLA 750.530; MSA
28.798. Defendant was also charged as a habitual
criminal. MCLA 769.12; MSA 28.1084. A plea of
guilty was entered on this charge. Concurrent
sentences of 7-1/2 to 15 years were given by the
trial judge.

The complainant, Edward Mohney, was as-
saulted and robbed. This fact is not disputed or
challenged. Mohney and a friend, Bill Britt, were
drinking wine at Mohney's residence. Britt admit-
ted two men, a white and an Indian. All four
stayed overnight. The next morning Britt and the
two men left. A short time later, the two men
returned. Mohney received a compensation check
for $56 in the afternoon mail. The defendant went
with Mohney to a nearby bank and he cashed the
check. When they returned to the Mohney apart-
ment, complainant was brutally beaten and rob-
bed.

Mohney was able to identify defendant as his
assailant from a photographic display and made
an in-court identification of defendant at trial.

Mohney was 75 years of age. He had admittedly
poor eyesight.

On appeal defendant challenges the Mohney
identification, alleges instructional error, trial er-
rors and improper sentence.

## I and II

Was defendant denied due process of law by the

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

employment of a photographic show-up in this case?

Was defendant denied his constitutional right to counsel by the pretrial photographic identification procedure?

The credibility of identification testimony, *viz.,* impaired vision and what the complainant was able to see, is a matter left solely with the jury and this Court does not substitute its judgment for theirs. *People v Harper,* 43 Mich App 500; 204 NW2d 263 (1972); *People v Watson,* 52 Mich App 211; 217 NW2d 121 (1974).

An in-court identification which was preceded by a questionable or illegal confrontation will not be deemed inadmissible or prejudicial if the in-court identification has an independent basis. *People v Rush,* 48 Mich App 478; 210 NW2d 467 (1973); *People v Harper,* 43 Mich App 500; 204 NW2d 263 (1972).

Mohney had ample opportunity to observe his attacker. He was in the same room with him for several hours; the attacker stayed overnight. Mohney went with him to the bank and he was assaulted and robbed by him. He was able to describe his clothes and height. There was a sufficient independent basis for identification irrespective of any pretrial photo show-up. This was enough to admit the in-court identification.

*People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973), disallows identification by photo when the accused is in custody. But this rule is not retroactively applied. *People v Duke,* 50 Mich App 714; 213 NW2d 769 (1973). Defendant's trial was on January 30, 1973, and prior to the *Anderson* decision (March 27, 1973). This defense is unavailable.

### III

Did the trial court abuse its discretion by denying defense counsel's motion to preclude the use of defendant's prior convictions for credibility purposes?

Defendant alleges that the trial court abused its discretion by denying defense counsel's motion to preclude the use of defendant's prior convictions for credibility purposes. The trial court properly refused to grant the motion. MCLA 600.2158; MSA 27A.2158; *Sting v Davis,* 384 Mich 608; 185 NW2d 360 (1971). The three prior felony convictions of the defendant were admissible on cross-examination of defendant, if he had taken the witness stand. This would have been for the purpose of testing credibility, as the trial judge ruled.

### IV

Did the trial court err in stating that an instruction was requested by defense counsel?

This claim of error is based upon the following transcript information:

"Defense counsel has called to my attention that there may be two included offenses in this charge, although it is not stated in the information and that is in addition to the principal charge in this case there may be another charge which may be applicable in this matter. That is known as an aggravated assault, which is an assault, an attempt to do a harm with the ability to carry it out coupled with a serious or aggravated injury. In other words, if you just find he just made an assault on the body of Mr. Mohney, but there was no robbery, then he could be guilty of aggravated assault.

"Then the other charge would be a simple assault and battery. If he just made an assault, struck Mr. Mohney it would be a simple assault and battery. I am including these two lesser offenses so you have four possible verdicts to bring in."

Instructions must emanate from the court, and it is improper practice to inform the jury as to the source of requested instructions. *Reetz v Rigg,* 367 Mich 35; 116 NW2d 323 (1962); *People v Hunter,* 370 Mich 262; 121 NW2d 442 (1963); *People v Carter,* 28 Mich App 83; 184 NW2d 373 (1970); *rev'd* 387 Mich 397, 412; 197 NW2d 57, 64 (1972); *People v Coates,* 40 Mich App 212; 198 NW2d 837 (1972).

In *Coates* the Court on page 216; 198 NW2d 839 stated:

"This Court in *People v Thomas,* 7 Mich App 519, 533; 152 NW2d 166, 172 (1967), while acknowledging that identification of the party requesting an instruction is improper, found no deprivation of substantial rights or a miscarriage of justice. See also *People v Waters,* 16 Mich App 33, 37; 167 NW2d 487, 489 (1969); *People v Carter,* 28 Mich App 83, 103; 184 NW2d 373, 381 (1970). While we agree that it was improper for the trial court to identify defendant as the party requesting the instruction, we find no prejudice to the defendant through the court's inadvertent error.
"Affirmed."

In *Carter,* 387 Mich 397, 412; 197 NW2d 57, 64 (1972), the Supreme Court disapproved of the practice of identifying the source of instructions: "Again, we regard the statement by the judge as an inadvertent aside which will not be repeated".

In this case, we find insufficient prejudice to cause a reversal and we further find no miscarriage of justice. MCLA 769.26; MSA 28.1096.

## V

Did the trial court properly charge the jury regarding the offense of unarmed robbery, when the term "specific intent to permanently deprive

the owner of his property" was not mentioned to the jury?

In *People v Noyes,* 328 Mich 207, 212; 43 NW2d 331, 333 (1950), the Court held: "In our opinion the reading of the statute relating to the crime is an instruction to the jury and is to be considered by them as any other given instruction". This rule has been adopted in *People v Kruper,* 340 Mich 114; 64 NW2d 629 (1954), and *People v Cardenas,* 21 Mich App 636, 639; 176 NW2d 447, 448 (1970).

The court instructed the jury in pertinent parts as follows:

"Ladies and gentlemen of the jury, one of the penal statutes of this state reads as follows:
" 'Any person who shall by force and violence or put in fear feloniously rob, steal or take away from the person of another, or in his presence any money or other property which may be the subject of larceny, such robber not being armed with a dangerous weapon, shall be guilty of a felony punishable by the laws of this state.'

* * *

"Now what do we mean by the offense charged here and what are the elements. Well the statute says any person who shall by force and violence or by an assault or by putting in fear, feloniously rob, steal and take away from a person of another or in his presence, any money or other property contrary to his will which may be the subject of larceny, and such robber not being armed with a dangerous weapon.

"So the first element is that the respondent feloniously without any claim or color of right stole or took property from Mr. Mohney.

"Two,—that he made an assault upon Mr. Mohney to place him in fear with violence with the purpose of taking away the money. Now an assault is defined as follows: It is an attempt with force or violence to do a corporal harm to another with the apparent ability to carry it out. I am going to repeat that. An assault is

defined as an attempt with force or violence to commit an injury to the body of another or place him in fear with the apparent ability to carry it out.

"Three,—that such robbery was accompanied by an assault of force and violence * * * I mentioned that, * * * finally that such robbery had some value, no matter how slight.

"Four,—that the respondent was not at the time armed with a dangerous weapon. We have four elements.

"One,—that there was an assault made upon the body and person of Mr. Mohney; two,—it was done with the intent to rob,—for the purpose of committing a robbery and that one did take place. Three,—that it was done without the consent of the person who was robbed. Four,—it was, whatever was taken was of some value, no matter how slight, those are the four elements.

"Ladies and gentlemen of the jury, if you should find by evidence beyond a reasonable doubt that there was an assault made upon the person and body of Mr. Mohney; and that it was done for the purpose of robbing him; that there was a robbery, taking of his money without his consent, or property without his consent; that it had some value, no matter how slight, that he was not armed with a dangerous weapon. I say if you find by evidence beyond a reasonable doubt, those four elements, it would be your duty to find the respondent guilty as charged."

As in *Cardenas,* no request was made to instruct on intent and no objection was recorded. We rule that "The alleged error relating to instructions is not before this Court. GCR 1963, 516.2". 21 Mich App 636, 639; 176 NW2d 447, 448. We further rule that the instructions of the trial court, when reviewed as a whole, did not mislead the jury and were adequate and are not inconsistent with substantial justice. *People v Turner,* 31 Mich App 44; 187 NW2d 241 (1971).

## VI

Did the trial court commit reversible error by *sua sponte* giving the standard instruction to the jury regarding the defendant's right not to take the witness stand?

This issue has been ruled on adversely to defendant's position in the cases of *People v Waters,* 16 Mich App 33; 167 NW2d 487 (1969), and *People v Andrews #1,* 52 Mich App 719; 218 NW2d 379 (1974). See also *People v Harris,* 52 Mich App 739; 218 NW2d 150 (1974).

Also, the defendant made no objection to the instruction nor requested it not be given. This precludes appellate review. GCR 1963, 516.2.

## VII

Was defendant's sentence improperly imposed when there were other prior convictions listed in the presentence report which was made available to the trial judge, when the defendant now claims that these convictions were invalid?

Defendant *now* claims that a number of convictions listed in the presentence report were invalid because he was indigent on each occasion and was not offered counsel, nor was he informed of his right to counsel. Defendant has now offered his affidavit to this Court asserting the claimed facts. Defendant claims that the trial judge considered said convictions in sentencing the defendant. The case of *People v Moore,* 391 Mich 426, 440–441; 216 NW2d 770, 777–778 (1974), sets forth the correct procedure for a defendant to pursue a *Tucker* hearing *(United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 [1972]), the issue now presented to this Court. It is stated by Mr. Justice Levin as follows:

"In the future, post-sentencing *Tucker* claims should be initially decided by the sentencing judge or his successor. He is in the best position to explore and decide the factual issues and, if necessary, the defendant can then be resentenced. The Court of Appeals may refrain from considering a *Tucker* claim until the sentencing court has had an opportunity to resolve it.

"To invoke a *Tucker* hearing, the defendant must (1) present prima facie proof that a previous conviction was violative of *Gideon v Wainwright,* 372 US 335; 83 S Ct 792; 9 L Ed 2d 799; 93 ALR2d 733 (1963), such as a docket entry showing the absence of counsel or a transcript evidencing the same; or (2) present evidence that he has requested such records from the sentencing court and it has failed to reply or has refused to furnish copies of records within a reasonable period of time, say four weeks. Upon such presentation, either (1) or (2), the burden will then be upon the prosecutor to establish the constitutional validity of the prior conviction. Thus, if the prosecutor contends that the defendant waived counsel, the burden will be on him to show affirmative record evidence of waiver.

"If the prosecutor obtains and furnishes the judge and the defendant or his lawyer with photocopies of records establishing the constitutional validity of the prior conviction, the judge may decide the matter on the papers presented unless the defendant, on notice, shows cause to hold a hearing at which he is present. Unless the prosecutor furnishes such evidence within one month of the defendant's motion, the judge shall set the matter for an early hearing and order the production of the defendant at the hearing."

Inasmuch as the defendant has failed to comply with either of the two requirements stated in *Moore, supra,* we refrain from further considering this issue. This ruling is made without prejudice to defendant to bring a proper motion in the trial court.

## VIII

Was defendant denied the effective assistance of

counsel by the absence of his attorney at sentencing?

Defendant was with counsel at the sentencing for the unarmed robbery. This sentence is valid.

At sentencing on the habitual offender crime, defendant appeared *in propria persona.* The sentence transcript is silent concerning the presence of counsel or advice of counsel to defendant.

The people agree in its brief with defendant's arguments and position: "Accordingly, the people will stipulate that appellant should be resentenced on the conviction of the offense set out in the supplemental information".

We therefore remand for resentencing of defendant on the conviction for the offense set out in the supplemental information, with counsel present.

Other errors alleged by defendant do not merit discussion.

Affirmed and remanded as herein stated.

All concurred.