PEOPLE v. CIPRIANO.

1. Criminal Law — Homicide — Motive — Not Necessary For Prosecutor to State or Prove Motive.

Although, in a prosecution for murder, the prosecuting attorney, in his opening statement, said that he would show that the killing was pursuant to a motive, but did not at that time or later state what the motive was, the trial court was not in error at the close of the people's case, in refusing a request to require him to disclose what he thought was the motive, since it was not necessary for him to prove any motive.

2. Homicide—Finding Motive Not Necessary to Conviction.

It is not necessary for the jury to find a motive in order to convict of murder.

3. Same—Evidence of Motive, Although Slight, Admissible.

In a prosecution for murder, testimony showing that ill feeling over financial matters existed between defendant and the family of deceased, although it was of such slight character that it had little tendency to show motive, was competent; its weight for such purpose being for the jury.

4. Criminal Law—Argument of Counsel on Fact of Defendant's Concealment—Evidence.

Where, in a prosecution for murder, defendant testified without objection that he had concealed himself for a couple of weeks after the shooting, there was no error in allowing the prosecuting attorney to comment thereon, in his argument to the jury, or in admitting the testimony of the arresting officer that he searched for defendant during that time.

5. Same — Whether Flight Evidence of Guilt Question For Jury.

Although flight from the scene of a killing may be as consistent with innocence as with guilt, it is always for the jury to say whether, in the instant case, it was under such circumstances as to evidence guilt.

¹Criminal Law, 16 C. J. § 2226; Homicide, 30 C. J. § 539; ²Homicide, 30 C. J. § 572 (Anno); ³Id., 30 C. J. §§ 406, 572; ⁴Criminal Law, 16 C. J. § 2248; Homicide, 30 C. J. § 439; ⁵Criminal Law, 16 C. J. § 2290; 39 L. R. A. (N. S.) 58; 25 A. L. R. 897; 8 R. C. L. 192; 2 R. C. L. Supp. 571; 4 R. C. L. Supp. 533; 5 R. C. L. Supp. 451; 6 R. C. L. Supp. 492.

Exceptions before judgment from recorder's court of Detroit; Keidan (Harry B.), J.    Submitted January 14, 1927.    (Docket No. 171.)    Decided April 1, 1927.

James Cipriano was convicted of manslaughter. Affirmed.

*William F. Connolly* and *Maurice S. Fitzgerald,* for appellant.

*William W. Potter,* Attorney General, *Robert M. Toms,* Prosecuting Attorney, and *Eugene A. Walling,* Assistant Prosecuting Attorney, for the people.

McDONALD, J.    Under an information charging the defendant with murder, he was convicted of manslaughter in the recorder's court of Detroit.    He brings the case here for review upon exceptions before sentence.    The proofs produced by the people tended to show that the defendant shot and killed his brother-in-law, one Charles Gentile, on the 30th of October, 1925, in the city of Detroit.    Charles Gentile was a young man who lived with his parents at 2210 E. Congress street.    The defendant and his wife with their infant child lived at the same place. Charles Gentile occupied a back room upstairs in the house.    About 1 o'clock of the day in question, a nurse in the Cipriano part of the household heard defendant's wife, Mary Cipriano, scream, followed by shots in the room occupied by Charles Gentile.    The nurse, who was downstairs with the baby at the time, went to the door.    She saw Cipriano come out of the rear room.    He told her to go back in her room, to mind her business and look after the baby, after which he left the house.    Before doing so he tore the telephone from the wall, so that the nurse was unable to use it.    She went out upon the street and related what had happened.    The police were noti-

fied, and when they came to the house they found Charles Gentile and Mary Cipriano dead on the floor of the rear room.    Charles was dressed only in a union suit of underwear.    His trousers and Mary Cipriano's bloomers were hanging over a radiator. After the shooting the defendant fled and remained in concealment for 12 days, when he surrendered to the authorities.    It was the people's claim that the defendant shot and killed his wife and Charles Gentile with malice aforethought, and that he did so because he was angry with Charles and his people over some business matters.    On his part the defendant claims that he heard his wife's voice in the bedroom occupied by her brother Charles; that he went to the door and found it locked; that he drew himself up and looked through the transom and saw his wife and Charles in bed together.    He called them to open the door. Charles came with a revolver in his hand and began to shoot.    Mary Cipriano screamed and got in between them.    The defendant pulled a revolver from his pocket and commenced shooting.    It is his claim that if he shot and killed Charles he did so in self-defense, and that his wife was shot when she thrust herself between him and her brother.

The first assignment of error presents the question as to the duty of the prosecuting attorney in a murder case to disclose in his opening statement to the jury some definite theory as to the motive for the commission of the crime.    In his opening address to the jury, the prosecutor told them he would show by competent evidence that "this killing was pursuant to a motive," but did not state what the motive was.    No request was made at that time by defendant's counsel for a more definite statement.    Such a request first came at the close of the people's case.    The court refused it, and counsel for the defendant say that in so ruling he erred, for the reasons stated in their brief, as follows:

"We submit **(1)** that when the prosecutor stated to the jury in his opening statement that he would prove a motive, it was his duty to state what he claimed the motive was: (2) the testimony as to the motive should have been limited to proof of the motive which the prosecutor stated he would · prove as the motive for the claimed homicide; (3) his failure and refusal to state his motive, which he claimed he would prove, even when challenged to do so by the defendant's counsel, did not let · down the bars to him to introduce any kind of proof of any kind of a transaction, not proving the *res gestæ,* but purporting to prove some motive."

It not infrequently happens in murder cases that no motive can be found for the commission of the crime. If capable of being shown, it may have an important bearing on the question of intent and on the probability that the accused killed the deceased.    Or if it cannot be shown it is of great importance to the accused; for it is a matter of common belief that in the act of murder the normal mind must have been led by some motive sufficient to overcome its natural aversion to the taking of a human life.    It is an important factor in any murder prosecution, but it is not an indispensable element in the people's case.    It is not necessary for the jury to find a motive in order to convict. It is not necessary for the prosecuting attorney to prove it.    As was said by Mr. Justice WIEST in *People* v. *Kuhn,* 232 Mich. 312:

"A motive is a relevant but not an essential fact in proof of murder."

So, in the instant case, it was not necessary for the prosecuting attorney to make any statement to the jury as to what he thought was the defendant's motive; and it was not necessary for him to prove any motive.    It was only necessary for him to present to the court and jury all of the facts and circumstances tending to establish a motive.    The record shows that he fairly did this; but the defendant complains of the

testimony on the ground that it had not the remotest tendency to show motive, and was prejudicial to him. The testimony complained of related to the defendant's ill-feeling growing out of financial transactions with the family of the deceased. This testimony was clearly competent. It may be conceded that the feeling shown was of such a slight character that it had little tendency to show motive, but its weight for such purpose was for the jury. The slightest or most trifling cause might be an inducement for some people to commit murder. It depends upon the mental depravity of the individual. We find no error in the rulings of the court touching the question of motive.

Error is also assigned on the argument of the prosecuting attorney that after the tragedy the defendant concealed himself for 12 days, and on the admission of the testimony of the arresting officer, who testified that he searched for him during that time.

Without objection, the defendant testified that he had concealed himself for a couple of weeks after the shooting, knowing that the officers were looking for him. The prosecuting attorney commented on that fact in his argument to the jury. The court was not asked to instruct the jury in regard to the argument or to the effect of flight as evidence. It is true that "flight from the scene of a tragedy may be as consistent with innocence as with guilt;" but it is always for the jury to say whether it is under such circumstances as to evidence guilt. In view of the facts and the failure of counsel to ask for an instruction, we find no prejudicial error in the admission of the evidence complained of, or in the remarks of the prosecuting attorney.

We do not deem it necessary to discuss the other assignments of error. Some of them are rendered unimportant because of the finding of the jury that

the defendant was not guilty of murder in the first or second degree.   Others have been considered, but as they present no new questions and are without merit, we do not discuss them.   We think that the defendant had a fair trial, and that the evidence amply supports the verdict.   In a very excellent charge the court fairly submitted the issues to the jury and protected the defendant in every right to which he was legally entitled.

The conviction should be affirmed.   The recorder's court will proceed to judgment.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.