PEOPLE v. TEAL

1. CRIMINAL LAW — EVIDENCE — CONFESSIONS — ADMISSIONS — NO DISTINCTION.

    There is no meaningful distinction between a confession and an admission.

2. CRIMINAL LAW—EVIDENCE—EXTRAJUDICIAL STATEMENTS—COVERAGE.

    Extrajudicial statements cover declarations made by an accused out of court regardless of whether such declarations are characterized as confessions or admissions.

3. CONSTITUTIONAL LAW—CRIMINAL LAW—EVIDENCE—EXTRAJUDICIAL STATEMENTS—WITNESSES—CONFRONTATION RIGHT.

    Admission of a non-testifying defendant's extrajudicial statement implicating a codefendant in a crime denies to the implicated defendant his constitutional right to be confronted with the witnesses against him, thus violating his right of cross-examination, even though the trial judge instructs the jury to disregard the defendant-declarant's statement as it relates to the implicated defendant (US Const, Am 6; Const 1963, art 1, § 20).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 523.
[2, 3, 5, 6] 29 Am Jur 2d, Evidence §§ 610–614.
[3, 4] 21 Am Jur 2d, Criminal Law §§ 333, 334.
[7] 5 Am Jur 2d, Arrest §§ 116, 117.

4. Constitutional Law—Criminal Law—Witnesses—Confronta
TION Right.                                                        :

 The right of an accused in a criminal prosecution to be confronted with the witnesses against him, as guaranteed by the
 sixth amendment to the United States constitution, is applicable
 to the states, and the Michigan constitution also guarantees
 that same right (US Const, Am 6; Const 1963, art 1, § 20).

5. Criminal Law — Evidence — Extrajudicial Statements —
Implicated Codefendant — Admissibility — Reasonable Doubt.

 When a non-testifying defendant's extrajudicial statement is
 the only evidence which places a codefendant at the scene
 of a crime, it cannot be said beyond a reasonable doubt
 that the erroneous admission of that extrajudicial statement
 did not contribute to the conviction of the implicated defendant.

6. Criminal Law—Evidence—Extrajudicial Statements—Voluntariness—Admissibility—Review.

 An extrajudicial statement made by one of two defendants was
 admissible only against the defendant-declarant where the
 trial judge in a separate evidentiary hearing found that the
 statement was voluntary and an appellate review of the record
 did not establish that the trial judge's finding was clearly
 erroneous.

7. Appeal and Error—Criminal Law—Arrest—Legality—Timely
Question—Review.

 The legality of an arrest cannot be questioned for the first time
 on appeal.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 November 4, 1969 at Detroit. (Docket No. 6,018.) Decided
November 25, 1969.

Roy Teal and David Arnold were convicted by a
jury of breaking and entering a business place with
intent to commit larceny. Defendants appeal. Affirmed as to Arnold; reversed and remanded for new
trial as to Teal.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*

Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Elliott S. Hall,* for defendants.

Before: Lesinski, C. J., and Holbrook and Quinn, JJ.

Quinn, J. Defendants were convicted by jury verdict of breaking and entering in violation of MCLA § 750.110 (Stat Ann 1968 Cum Supp § 28.305). They were sentenced and they appeal.

The controlling issue on appeal relates to a statement given to the police by defendant Arnold as a result of interrogation. Defendants characterize this statement as a confession and plaintiff refers to it as an admission. We find the distinction meaningless. *Bruton* v. *United States* (1968), 391 US 123 (88 S Ct 1620, 20 L Ed 2d 476) deals with extrajudicial statements and covers the statement here involved.

Defendants were tried together and during trial the contents of Arnold's statement were related to the jury by a detective. Arnold did not testify and his statement implicates defendant Teal. The trial judge instructed the jury to disregard the Arnold statement as it related to Teal.

The case at bar was tried in February, 1967. *Bruton, supra,* was decided in May, 1968 and it was made retroactive by *Roberts* v. *Russell* (1968), 392 US 293 (88 S Ct 1921, 20 L Ed 2d 1100). The gist of *Bruton* is that admission in evidence in a joint trial of an extrajudicial statement by a codefendant who does not testify violates the other defendant's right of cross-examination guaranteed by the confrontation clause of the US Const, Am 6. This sixth

amendment right is applicable to the states, *Douglas v. Alabama* (1965), 380 US 415, (85 S Ct 1074, 13 L Ed 2d 934), and the same right is guaranteed by Const 1963, art 1, § 20. It was error to admit the statement of Arnold.

The Arnold statement is the only evidence which places Teal at the scene of the crime. We are not satisfied beyond a reasonable doubt that the erroneous admission of the statement did not contribute to Teal's conviction. *Chapman* v. *California* (1967), 386 US 18, (87 S Ct 824, 17 L Ed 2d 705). The Teal conviction must be reversed.

We have considered *Harrington* v. *California* (1969), 395 US 250, (89 S Ct 1726, 23 L Ed 2d 284) and find it inapplicable to the case before us. *Harrington* just decided *Harrington* and it is not precedential authority. *Harrington* specifically reaffirms *Chapman, supra.* In *Harrington,* one of three codefendant confessors testified and was cross-examined by Harrington's attorney. Several witnesses, including Harrington, placed the latter at the scene of the crime.

Defendant Arnold contends the statement was inadmissible against him because it was not shown to be voluntary. The trial judge held a separate hearing in the absence of the jury to determine the voluntariness of Arnold's statement. Arnold testified and denied making the statement. The trial judge found that the statement was voluntary. Our review of the record does not establish that this finding was clearly erroneous and we find no error. *People* v. *Walker* (1967), 6 Mich App 600.

Defendants question the legality of their arrest for the first time on appeal. This comes too late. *People* v. *Camak* (1967), 5 Mich App 655.

Affirmed as to defendant Arnold. Reversed and remanded for new trial as to defendant Teal.

All concurred.