PEOPLE v MURRY

1. APPEAL AND ERROR—CRIMINAL LAW—EVIDENCE—FAILURE TO OB-
   JECT—MISCARRIAGE OF JUSTICE.

   Review of an allegedly improper admission of hearsay evidence is
   limited to ascertaining whether or not a miscarriage of justice
   resulted where no objection was made to the admission of the
   evidence.

2. CRIMINAL LAW—EVIDENCE—OUT-OF-COURT STATEMENTS—CONSTITU-
   TIONAL LAW—CONSTITUTIONAL ERROR—RIGHT TO CONFRONT
   WITNESSES.

   The improper admission of out-of-court statements alleged to
   have been made by the defendant did not violate the Sixth
   Amendment confrontation clause of the U.S. Constitution and
   was not error of constitutional dimensions where the defendant
   was present at trial, was cross-examined, and had the opportu-
   nity to and did deny that he made the statements.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—RIGHT TO REMAIN SILENT
   —COMMENTING ON DEFENDANT'S SILENCE—PRESUMPTION OF IN-
   NOCENCE—MISCARRIAGE OF JUSTICE.

   A trial court's statement to the jury that the defendant stood
   mute at his arraignment did not result in a miscarriage of
   justice or a manifest injustice where the jury was also told that
   the defendant was presumed innocent until proven guilty and
   where there was not the slightest inference that the defend-
   ant's silence in any way pointed to his guilt.

4. APPEAL AND ERROR—CRIMINAL LAW—INSTRUCTIONS TO JURY—FAIL-
   URE TO OBJECT—PRESERVING QUESTION.

   Alleged error in jury instructions has not been preserved for

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 702, 737.
[2] 21 Am Jur 2d, Criminal Law § 333; 29 Am Jur 2d, Evidence § 493
    *et seq.*
[3] 29 Am Jur 2d, Evidence § 638 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error § 545.
[5] 75 Am Jur 2d, Trial § 615.
[6] 20 Am Jur 2d, Courts §§ 17, 18.

appellate review where defense counsel did not object to the instructions and expressly stated his satisfaction with the instructions.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—INFORMATION—STATUTES.

A charge to the jury which includes a reading of the information and the applicable statute is usually adequate.

6. STATUTES—DISTRICT COURT ACT—CONSTITUTIONAL LAW—TITLE-BODY CLAUSE—CRIMINAL JURISDICTION.

The statute which created the district court and provided it with criminal jurisdiction does not violate the title-body clause of the state constitution (Const 1963, art 4, § 24; 1968 PA 154).

Appeal from Bay, Leon R. Dardas, J. Submitted Division 3 February 12, 1975, at Lansing. (Docket No. 20067.) Decided March 12, 1975.

Aaron Murry was convicted of unarmed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene C. Penzein,* Prosecuting Attorney, for the people.

*Roger L. Wotila,* Assistant State Appellate Defender, for defendant.

Before: ALLEN, P. J., and T. M. BURNS and R. M. MAHER, JJ.

T. M. BURNS, J. On December 27, 1973, defendant was convicted by a jury of unarmed robbery. MCLA 750.530; MSA 28.798. He was sentenced on January 7, 1974, to 5 to 15 years in prison and now appeals as of right. Since defendant's allegations of error relate to the trial court's evidentiary rulings and other procedural matters, a detailed recitation of the facts of this case is unnecessary, and thus only those facts pertinent to our discussion of the issues will be presented.

A review of the trial transcript reveals that when defendant was testifying, statements which he made on direct and on cross-examination were impeached when the prosecutor read verbatim portions of a statement defendant made to police after his arrest. Defendant now contends that the admission into evidence of this written transcript of his statement was an improper admission of hearsay evidence and hence reversible error. While we agree that the written transcript was hearsay and should not have been admitted, *People v Rodgers,* 36 Mich App 211, 224–225; 193 NW2d 412 (1971), dissenting opinion, adopted by the Supreme Court in 388 Mich 513; 201 NW2d 621 (1972), we do not think that its admission constituted reversible error.

Defense counsel did not object to the admission of this testimony. Since there was no objection, our review is limited to ascertaining whether or not a miscarriage of justice resulted. *People v Edwards,* 55 Mich App 256; 222 NW2d 203 (1974), *People v Glover,* 47 Mich App 454; 209 NW2d 533 (1973). We can ascertain no such miscarriage of justice.

Appellate counsel argues that the use of this testimony was an error of constitutional dimensions negating the applicability of the "no objection-no error" rule. We disagree. We have been unable to find any authority in support of defendant's claim that the use of a defendant's prior statements to impeach his trial testimony violates the confrontation clause of the Sixth Amendment of the United States Constitution. Indeed, *California v Green,* 399 US 149, 158–159; 90 S Ct 1930, 1935; 26 L Ed 2d 489, 497 (1970), states otherwise. In that case, which fully supports the use of the instant defendant's statements at his trial, the Court said:

"Viewed historically, then, there is good reason to conclude that the Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination.

"This conclusion is supported by comparing the purposes of confrontation with the alleged dangers in admitting an out-of-court statement. Confrontation: (1) insures that the witness will give his statements under oath—thus impressing him with the seriousness of the matter and guarding against the lie by the possibility of a penalty for perjury; (2) forces the witness to submit to cross-examination, the 'greatest legal engine ever invented for the discovery of truth', (3) permits the jury that is to decide the defendant's fate to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility.

"It is, of course, true that the out-of-court statement may have been made under circumstances subject to none of these protections. But if the declarant is present and testifying at trial, the out-of-court statement for all practical purposes regains most of the lost protections. If the witness admits the prior statement is his, or if there is other evidence to show the statement is his, the danger of faulty reproduction is negligible and the jury can be confident that it has before it two conflicting statements by the same witness. Thus, as far as the oath is concerned, the witness must now affirm, deny, or qualify the truth of the prior statement under the penalty of perjury; indeed, the very fact that the prior statement was not given under a similar circumstance may become the witness' explanation for its inaccuracy—an explanation a jury may be expected to understand and take into account in deciding which, if either, of the statements represents the truth."

In the case at bar, defendant was alleged to have made the statements, was present at trial, was cross-examined, and had the opportunity to and did deny that he made the statements. Thus, while it was error to admit the evidence in question, it was not constitutional error as alleged by defend-

ant. The record clearly supports defendant's conviction, and we find nothing to support his claim that a miscarriage of justice resulted.

Defendant next argues that the trial court committed reversible error when it informed the jury that defendant stood mute at his arraignment. On two different occasions, the trial court told the jury that the defendant had stood mute to the information filed against him. However, it is important to point out that in the same sentence the trial court also informed the jury that a plea of not guilty was entered in defendant's behalf and that this presumption of innocence stays with defendant until he has been proven guilty. Thus we see that while the trial court did tell the jury that defendant stood mute at arraignment, it did so while emphasizing that defendant must be presumed innocent until proven guilty beyond a reasonable doubt.

Defense counsel did not object to the trial court's remarks or request a curative instruction. Thus, we are again required to search for manifest injustice. The references to defendant's standing mute were contained in language that told the jury in no uncertain terms that defendant was presumed innocent until proven guilty by evidence and testimony that he was in fact guilty. There was not the slightest inference that defendant's silence at his arraignment in any way pointed to his guilt. Under these circumstances, we find no error. While we think the better practice would be to avoid giving the jury information of this type, we are not prepared to say that a miscarriage of justice resulted from the mere fact that the trial court told the jury that defendant stood mute at his arraignment.

Defendant next claims that the trial court erred

reversibly by failing to instruct the jury that a larcenous intent was a necessary element of unarmed robbery.

This precise issue was recently before this Court in *People v Fry,* 55 Mich App 18, 24; 222 NW2d 14 (1974), a decision in which this author participated. We there held that the absence of an objection precluded review and that when reviewed as a whole, the instructions did not mislead the jury, were adequate, and not inconsistent with substantial justice.

That reasoning applies equally here. Defendant did not object to the instruction on unarmed robbery as given at trial. Rather, he expressly stated on the record his satisfaction with the trial court's instructions. Therefore, as in *Fry,* the alleged instructional error is not before this Court. Furthermore, when instructing the jury on the charged offense, the trial court read both the unarmed robbery statute and the information filed against defendant. A charge which includes a reading of the information and the applicable statute is usually sufficient. *People v Wheat,* 55 Mich App 559, 562; 223 NW2d 73 (1974). In the case at bar, the trial court used language almost identical to that approved in *Fry, supra,* to instruct the jury. We find that these instructions were adequate and consistent with substantial justice.

Lastly, by way of supplemental brief, defendant claims that 1968 PA 154, which created the district court and provided it with criminal jurisdiction, is in violation of the title-body clause, Const 1963, art 4, § 24. *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974), holds otherwise.

Affirmed.