PEOPLE v LYTLE

Docket No. 49834. Submitted November 20, 1980, at Detroit.—Decided
    January 6, 1981. Leave to appeal applied for.

Jeremiah R. Lytle, Jr., pled guilty to armed robbery pursuant to
    a plea-bargain agreement, Isabella Circuit Court, Robert H.
    Campbell, J. He appeals, alleging that his admissions were
    coerced and that the plea-bargain process denied him due
    process and violated his right against self-incrimination. *Held:*

    1. There was nothing inherently coercive in the plea-bargain
    process. Defendant was under no obligation to speak and had
    an opportunity to assess the terms of the agreement. His
    admissions were properly obtained.

    2. The trial court properly considered defendant's admissions
    for the purpose of imposing an appropriate sentence.

    Affirmed.

1. Courts — Sentencing — Background Information — Federal
    Statutes.

    No limitation shall be placed on the information a court may
    receive and consider concerning the background, character, and
    conduct of a person convicted of an offense for the purpose of
    imposing an appropriate sentence (18 USC 3577).

2. Courts — Sentencing — Judicial Inquiry.

    A trial judge, for the purpose of imposing an appropriate sen-
    tence following a conviction, may appropriately conduct an
    inquiry broad in scope, largely unlimited either as to the kind
    of information considered or its source.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Joseph T. Bar-
beri,* Prosecuting Attorney (by *Mary C. Smith,*
Assistant Attorney General, Prosecuting Attorneys
Appellate Service), for the people.

Reference for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law §§ 584, 585.

*Richard B. Ginsberg,* Assistant State Appellate Defender, for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and R. B. BURNS and J. W. WARREN,* JJ.

R. B. BURNS, J. Defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797. He was sentenced to prison for a term of from 10 to 25 years.

Defendant's plea was a result of a plea bargain in which it was agreed that if defendant pled guilty in the instant case the prosecution would not file a supplemental information charging defendant as an habitual offender and would drop other pending charges if defendant admitted his guilt of those other charges. The prosecutor stated that the purpose of having defendant make these other admissions of guilt was to provide additional information for the trial judge to consider when sentencing the defendant. On appeal, defendant claims that the admissions he made were coerced and that the plea process denied him due process of law and violated his right against self-incrimination.

We find that there was nothing inherently coercive in the plea agreement. The defendant was under no obligation to speak. The defendant had an opportunity to assess the value of the bargain, and he chose to enter into that agreement.

In the Federal system, the principles governing criminal sentencing are set out by statute:

"No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 USC 3577.

* Circuit judge, sitting on the Court of Appeals by assignment.

In *Roberts v United States,* 445 US 552, 556; 100 S Ct 1358; 63 L Ed 2d 622 (1980), the Supreme Court upheld these principles and reiterated its statement that:

" ' "[A] judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." ' "

The admissions by the defendant were properly obtained and properly considered by the sentencing judge.

Affirmed.