PEOPLE v VAN SICKLE

PEOPLE v RETZEL

Docket Nos. 55761, 55762. Submitted February 4, 1982, at Detroit.—
Decided April 16, 1982.

Curtis R. Van Sickle and Pamela A. Retzel were each convicted of
first-degree criminal sexual conduct in a joint trial in Record-
er's Court of Detroit, Geraldine Bledsoe Ford, J. The defendants
appeal, alleging several errors. *Held:*

1. The trial court did not abuse its discretion in denying the
defendants' request for a continuance, made on the day before
trial and in an attempt to obtain new counsel.

2. Neither of the defendants' statements to the police incrimi-
nated the other defendant. Admission of the statements into
evidence did not result in a miscarriage of justice.

3. No miscarriage of justice resulted from the admission into

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Continuance § 3.

[2] 5 Am Jur 2d, Appeal and Error §§ 601, 737.

[3] 29 Am Jur 2d, Evidence § 610.

[4] 29 Am Jur 2d, Evidence § 228.

Admissibility of evidence that defendant escaped or attempted to
escape while being detained for offense in addition to that or
those presently being prosecuted. 3 ALR4th 1085.

[5] 5 Am Jur 2d, Appeal and Error § 726.

29 Am Jur 2d, Evidence § 613.

[6] 21A Am Jur 2d, Criminal Law §§ 749, 980.

Adequacy of defense counsel's representation of criminal client
regarding right to and incidents of jury trial. 3 ALR4th 601.

Modern status of rules and standards in state courts as to adequacy
of defense counsel's representation of criminal client. 2 ALR4th
27.

Circumstances giving rise to conflict of interest between or among
criminal codefendants precluding representation by same counsel.
34 ALR3d 470.

[7] 21 Am Jur 2d, Criminal Law § 527 *et seq.*

[8] 5 Am Jur 2d, Appeal and Error §§ 867, 938.

evidence of forms signed by the defendants in which they acknowledged having been informed of their rights.

4. Evidence that defendant Van Sickle concealed himself from arrest was properly admitted to impeach his credibility.

5. Van Sickle's failure to challenge the legality of his arrest at the trial precludes appellate review of the issue.

6. There is no showing that either defendant was prejudiced as a result of his or her joint representation by the same attorney.

7. The sentencing court did not err in considering the fact that the defendants failed to appear on the date originally set for sentencing.

8. The sentences imposed were within the statutory guidelines for the offense and the Court of Appeals may not substitute its judgment regarding the sentences for that of the trial court.

Affirmed.

N. J. KAUFMAN, P.J., concurred but would suggest that the circumstances of this case are such as to support a move toward allowing appellate review of sentencing.

1. TRIAL — CONTINUANCE.

The grant or denial of a continuance is within the discretion of the trial court.

2. EVIDENCE — APPEAL — MISCARRIAGE OF JUSTICE.

Reversal based on claims of error with regard to the admission of evidence is warranted only upon a finding of a miscarriage of justice where no objection to the admission of the evidence was made at trial.

3. CRIMINAL LAW — EVIDENCE — STATEMENTS OF CODEFENDANTS.

No miscarriage of justice results from the admission into evidence of the statements of two codefendants where neither statement contains incriminating evidence against the other defendant or where allegedly incriminating testimony in one defendant's statement is substantially similar to that contained in the other defendant's own statement.

4. CRIMINAL LAW — EVIDENCE — DEFENDANT'S FLIGHT.

Evidence of a defendant's flight from the scene of a crime may not be used as substantive evidence of guilt but is admissible, relevant and material and may lead to an inference of guilt.

5. ARREST — APPEAL — LEGALITY OF ARREST.

Failure of a defendant to challenge the legality of his arrest at

the trial court level precludes appellate review of the issue or of an allegation that a statement made to police was not admissible because it resulted from an illegal arrest.

6. CRIMINAL LAW — EFFECTIVE ASSISTANCE OF COUNSEL — SHARED COUNSEL.

A showing of actual prejudice is necessary to support a finding that codefendants received ineffective assistance of counsel because they were both represented by the same counsel at a joint trial.

7. CRIMINAL LAW — SENTENCING.

A court, in determining sentence, may appropriately conduct an inquiry broad in scope and largely unlimited either as to the kind of information it may consider or the source from which that information may come.

8. APPEAL — SENTENCING — CRIMINAL LAW.

The Court of Appeals may not substitute its judgment regarding a sentence for that of the sentencing court where the sentence imposed is within the statutory guidelines.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Norman R. Robiner,* for defendants on appeal.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN and CYNAR, JJ.

PER CURIAM. Each defendant was charged with one count of first-degree criminal sexual conduct. MCL 750.520b(1); MSA 28.788(2)(1). Following a joint jury trial, each defendant was convicted as charged and sentenced to a prison term of 25 to 45 years. They appeal as of right. We affirm.

Defendants first contend that the trial court abused its discretion in denying their motion for a continuance, brought on the day trial began, in

order that they might retain counsel who had been recommended by a friend. Each defendant was represented by the same court-appointed attorney.

The granting of a continuance is within the discretion of the trial court. *People v Wilson,* 397 Mich 76, 81; 243 NW2d 257 (1976). Defendants have a constitutional right to the assistance of counsel. There is nothing in the record, however, to indicate that their appointed attorney was unprepared for trial or that he was unable to effectively represent their interests. In fact, defendants admitted at trial that they had nothing against their appointed counsel. Defendants made no attempt to contact the new attorney until their unsuccessful attempt on the evening prior to trial and there is nothing in the record to indicate that the attorney would have agreed to represent them. Under these circumstances, the trial court did not abuse its discretion in denying defendants' motion.

Defendants next raise several claims of error with regard to the admission of certain evidence. We preface our discussion of these issues with the observation that no objections were raised to the admission of this evidence and reversal is, therefore, warranted only upon a finding of a miscarriage of justice. MRE 103, *People v Murry,* 59 Mich App 555, 557; 229 NW2d 845 (1975).

Following arrest, each defendant made a statement to the police containing allegedly incriminating evidence against the other defendant. Each defendant contends that the admission of the other's statement requires reversal. No miscarriage of justice resulted from the admission of Retzel's statement because it contained no incriminating evidence against Van Sickle. Van Sickle's defense was that he engaged in various sexual acts with the complainant but that the complainant con-

sented to them. Retzel's statement was entirely consistent with this defense. No miscarriage of justice resulted from the admission of Van Sickle's statement because the allegedly incriminating statements contained therein were substantially similar to those contained in Retzel's own statement. *People v Miller,* 88 Mich App 210, 221; 276 NW2d 558 (1979), *rev'd on other grounds* 411 Mich 321 (1981).

No miscarriage of justice resulted from the admission, without objection, of the forms which defendants signed indicating that they had been informed of their constitutional rights. Defendants never sought to have their statements suppressed prior to trial on the basis that they had not been informed of their rights. Two police officers testified that defendants were informed of their rights prior to making their statements. Both defendants took the stand on their own behalf and admitted that they had been informed of their rights and that they understood those rights. Under these circumstances, we reject defendants' contention that the admission of those forms caused the jury to disbelieve their testimony that some of the information contained within their statements was incorrect.

No miscarriage of justice resulted from the admission into evidence, without objection, of testimony indicating that Van Sickle concealed himself from arrest. Although evidence of flight may not be used as substantive evidence of guilt, *People v Cismadija,* 167 Mich 210, 215; 132 NW 489 (1911), *People v MacCullough,* 281 Mich 15, 29; 274 NW 693 (1937), it is admissible, relevant and material and may lead to an inference of guilt. *People v Cipriano,* 238 Mich 332, 336; 213 NW 104 (1927), *People v Kyles,* 40 Mich App 357, 360; 198 NW2d

732 (1972), *People v Dixon,* 84 Mich App 675, 682; 270 NW2d 488 (1978). Van Sickle's primary concern with the admission of that evidence was that it tended to weaken his credibility before the jury. The admission of the evidence for this purpose was proper.

Van Sickle raises the additional argument that his statement was inadmissible because it resulted from an illegal arrest. Van Sickle never challenged the legality of his arrest at the trial court level. His failure to do so precludes appellate review. *People v Teal,* 20 Mich App 176, 179; 173 NW2d 736 (1969), *People v Lyons,* 70 Mich App 615, 617; 247 NW2d 314 (1976). Since the legality of Van Sickle's arrest cannot be challenged, the argument that his statement was a direct result of that arrest will not be considered. Also, as noted above, Van Sickle admitted that his statement to the police was voluntary.

Defendants next contend that they were denied the effective assistance of counsel because of their joint representation by the same attorney. In order for ineffective assistance of counsel to result from shared counsel by codefendants, there must be a showing of actual prejudice. *People v Mendez,* 101 Mich App 735, 737; 300 NW2d 327 (1980). Both defendants contend that they lost the benefit of arguments stressing that the other's link to incriminating evidence was greater than his or her own. This argument is without merit. Each defendant was charged with committing his or her own respective act of first-degree criminal sexual conduct. There is no possible way that either defendant could have had the other defendant linked to his or her own acts.

Defendants also contend that they lost the benefit of having their counsel effectively cross-exam-

ine the other defendant on the contents of his or her statement. In light of this Court's earlier holding that neither defendant was prejudiced by the admission of the other's statement, we also conclude that neither defendant was actually prejudiced because of his or her joint representation by the same counsel.

Finally, we reject defendants' contention that they are entitled to be resentenced because the sentencing court considered the fact that they failed to appear on the date originally set for sentencing in pronouncing sentence. Defendants fail to cite any authority indicating that such a factor may not be considered. The court also noted that it was taking into account the seriousness of the offense, the defendants' backgrounds and all other matters of the case. A sentencing court may appropriately conduct an inquiry broad in scope and largely unlimited either as to the kind of information it may consider or the source from which that information may come. *People v Lytle,* 102 Mich App 708, 710; 302 NW2d 289 (1981). The sentence prescribed for conviction of first-degree criminal sexual conduct is imprisonment for life or for any term of years. MCL 750.520b(2); MSA 28.788(2)(2). Each defendant was sentenced to a prison term of 25 to 45 years. This Court may not substitute its judgment for that of the trial court. *People v Burton,* 396 Mich 238, 243; 240 NW2d 239 (1976), *People v Armstrong,* 99 Mich App 137, 140; 297 NW2d 637 (1980).

Affirmed.

N. J. KAUFMAN, P.J. *(concurring).* While I concur fully in the opinion of the majority I write separately to comment on the sentences meted out in this case. At present, neither this Court nor the Supreme Court are permitted to review the exer-

cise of a trial court's sentencing discretion.[1] As one consequence, the lower court records made available for us generally do not include pertinent presentence information utilized by the trial judges. Often, however, some of this information can be gleaned from the sentencing transcript itself. In the instant case, it is apparent from the sentencing record that neither of these defendants had any involvement with the criminal justice system prior to this offense. Moreover, the trial record does not indicate that substantial injury or harm to the complainant took place. Still, defendants failed to appear on the original date of sentencing, delaying sentencing some two years. Inasmuch as the sentences imposed of 25 to 45 years were within the statutory guidelines, our consideration of whether they were appropriate effectively ceases. I believe the circumstances of this case, however, support a move toward appellate sentence review.[2]

---

[1] *People v Burton,* 396 Mich 238, 242-243; 240 NW2d 239 (1976), *Cummins v People,* 42 Mich 142, 143-144; 3 NW 305 (1879), *cf. People v Murray,* 72 Mich 10, 16-17; 40 NW 29 (1888).

[2] See *People v Gonzales,* 412 Mich 917 (1982), *People v Waits,* 412 Mich 914 (1982), *People v Coles,* 79 Mich App 255; 261 NW2d 280 (1977), *lv gtd* 412 Mich 917 (1982).