## PEOPLE v. HAWK

1. CRIMINAL LAW—SPECIFIC INTENT—INTOXICATION—DEFENSE—NEGATION OF INTENT.

An accused's intoxication can be shown to negative specific intent where specific intent is a requisite element of the crime charged.

2. CRIMINAL LAW—AUTOMOBILES—UNLAWFULLY DRIVING AWAY—INTENT.

Intent to steal is not an ·ingredient of the offense of willfully and without authority taking possession of and driving away a motor vehicle (MCLA § 750.413).

3. CRIMINAL LAW—INTOXICATION DEFENSE.

A trial judge is not obliged to acquit a defendant on sparse proofs of defendant's intoxication even if intoxication is a defense to the crime charged.

4. APPEAL AND ERROR—FINDINGS—REVIEW—STANDARD.

The standard by which the. Court of Appeals reviews the findings of a trial judge sitting without a jury, in a criminal as well as in a civil case, is the clearly erroneous standard established by court rule (GCR 1963, 517.1).

5. CRIMINAL LAW—APPEAL AND ERROR—EVIDENCE—INTOXICATION—DESPONDENCY—WITNESSES—EXPERT—LAYMEN.

Rejection of defendant's claim that he was not criminally responsible because he was intoxicated and despondent at the time he committed the crime charged was not clearly erroneous where no psychiatric or other expert testimony was

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 5] 21 Am Jur 2d, Criminal Law §§ 107, 108.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 303–306.
[4] 5 Am Jur 2d, Appeal and Error § 839.
[6] 21 Am Jur 2d, Criminal Law § 219.

introduced to show defendant's mental state and the only evidence regarding his intoxication was the testimony of his brother and the testimony of police officers that defendant had imbibed short of becoming drunk.

6. Criminal Law—Trial—Jury—Waiver—Kowingly Made—Evidence.

Defendant's waiver of trial by jury was knowingly made where his waiver occurred almost six months after the commission of the charged offense and there was no evidence in the record to substantiate defendant's claim, made for the first time on appeal, that he was not aware of what he was doing when he waived trial by jury.

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 November 12, 1969, at Lansing. (Docket No. 7,099.) Decided February 27, 1970.

Ahsyngan Hawk was convicted of taking possession of and driving away a motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, and *Roger W. Kittendorf,* Assistant Prosecuting Attorney, for the people.

*Charles A. Forrest, Jr.,* for defendant on appeal.

Before: Levin, P.J., and T. M. Burns and Danhof, JJ.

Levin, P. J. The defendant, Ahsyngan Hawk, appeals his conviction of taking possession of and driving away a motor vehicle[1] and his sentence of 4-1/2 to 5 years in state prison. His defense was

---

[1] MCLA § 750.413 (Stat Ann 1954 Rev § 28.645).

that he was not criminally responsible because he was depressed by his mother's death 3-1/2 months before the commission of the offense, and that he was intoxicated at the time the offense was committed.

Present doctrine is that evidence of intoxication is not admissible to negative general intent but that it may be introduced to negative any specific intent where a specific intent is an ingredient of the crime charged.[2] In *People* v. *Stanley* (1957), 349 Mich 362,[3] the Michigan Supreme Court held that "intent to steal is not an ingredient of the offense" with which the defendant Hawk was charged, and that one so charged can be convicted upon proof that he "willfully" and without authority took possession of and drove away another's motor vehicle.

We find no need to consider whether, because of the statutory requirement that the offender act "willfully," intoxication would be a valid defense.[4] The evidence of intoxication was meager; even if intoxication is a defense, the trial judge was not obliged to acquit the defendant on the sparse proofs presented.

The owner of the stolen automobile left it in a parking lot at 8 a.m. on February 27, 1968. A few hours later, at 11:15 a.m., he discovered it missing and notified the police. The defendant was apprehended shortly thereafter, at 11:40 a.m., driving the automobile. A police officer who interrogated the defendant at 12:40 p.m. that day testified at the trial that the defendant had been drinking but was not drunk. One of the arresting officers testified that the defendant had been drinking. There was

[2] See, generally, *People* v. *Kelley* (1970), 21 Mich App 612.
[3] Similarly, *People* v. *Helcher* (1968), 14 Mich App 386, fn 1.
[4] See Clark and Marshall, Crimes (6th ed), § 6.09, p 389; 21 Am Jur 2d, Criminal Law, § 107, pp 186, 187; 22 CJS Criminal Law, §§ 67, 68, pp 216–219.

no other evidence concerning the defendant's alleged intoxication at the time the offense was committed.

The defendant's brother testified that their mother died on November 3, 1967, and that the first person who discovered her death was the defendant. The brother claimed that the defendant took his mother's death "real hard; he took it harder than anybody else in the family.  *  *  *  he never would be aware of anything that's going on around him. He would just sit and stare and—for hours at the ceiling, the wall.  And he just wasn't to hisself [*sic*] no more for about three or four months after that."

The standard by which we review the findings of a trial judge when he sits without a jury, in a criminal as well as in a civil case, is the clearly erroneous standard established in GCR 1963, 517.1[5]

No psychiatric or other expert testimony was introduced in behalf of the defendant.  We have carefully scrutinized the transcript; the only evidence regarding the defendant's mental state at the time the crime was committed was the evidence already related given by his brother and the testimony of the police officers that the defendant had imbibed short of becoming drunk.  We are satisfied that the trial judge did not clearly err in rejecting the defendant's claim that he was not criminally responsible because he was intoxicated and despondent at the time the crime was committed.

The defendant also contends that his waiver of a trial by jury was not knowingly made.  The defendant waived trial by jury at a hearing on August 19, 1968, almost six months after the commission

---

[5] *People* v. *Walker* (1967), 6 Mich App 600, 604; *People* v. *Teal* (1969), 20 Mich App 176; *People* v. *Summers* (1968), 15 Mich App 346, 356; *People* v. *Hummel* (1969), 19 Mich App 266, 268; *People* v. *Hubbard* (1969), 19 Mich App 407, 413.

341

OPINION OF THE COURT

of the charged offense.[6]   The previously related
evidence concerned his drinking on the date the of-
fense was committed and his mental condition in
the 3-1/2 month period intervening between his
mother's death and the date it was committed.
There is no evidence whatsoever in the record sub-
stantiating the claim, made for the first time on
appeal, that at the time the defendant waived trial
by jury he was not aware of what he was doing.
   Affirmed.
   All concurred.

[6] The defendant was convicted at a trial held **October 4, 1968**,
a month and a half after he waived trial **by jury.**