PEOPLE v. CHARLES THOMAS

PEOPLE v. SHARON

1. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY—WAIVER.

Admission in evidence by trial court of certain evidence and exhibits *held,* not error where defense counsel elicited the very testimony complained of and agreed to admission of the exhibit.

2. SAME—DUE PROCESS—JOINT REPRESENTATION OF DEFENDANTS BY RETAINED COUNSEL.

Joint representation by retained counsel of two defendants charged with armed robbery and conspiracy to commit armed robbery *held,* not prejudicial to the rights of defendants, their interests not being in conflict.

Appeal from Oakland, Holland (H. Russell), J. Submitted Division 2 April 3, 1968, at Lansing. (Docket No. 3,344.) Decided December 19, 1968. Leave to appeal denied August 26, 1969. 382 Mich 779.

Charles Thomas was convicted of armed robbery and conspiracy to commit armed robbery. Robert L. Sharon was convicted of conspiracy to commit armed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, *Dennis Donohue,* Chief Ap-

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 135, 144.
[2] 7 Am Jur 2d, Attorneys at Law § 154 *et seq.*

pellate Counsel, and *Bruce T. Leitman,* Assistant Prosecuting Attorney, for the people.

*Richard P. Condit,* for defendants.

PER CURIAM.   Defendants Thomas and Sharon were arrested pursuant to a properly issued warrant and were charged with armed robbery (CLS 1961, § 750.529 [Stat Ann 1968 Cum Supp § 28.797]) and conspiracy to commit armed robbery (CLS 1961, § 750.505 [Stat Ann 1954 Rev § 28.773]).   Thomas was convicted on both counts.   Sharon was convicted of the conspiracy charge only.

Defendants, on appeal, have failed to demonstrate that their period of detention, prior to arraignment and trial, resulted in prejudice to their case.   See *People* v. *Hamilton* (1966), 359 Mich 410; *People* v. *Nawrocki* (1967), 6 Mich App 46.   This court, after a careful review of the record, finds that no reversible error occurred in the preliminary proceedings (see *People* v. *Willis* [1965], 1 Mich App 428), nor in the closing argument or charge to the jury.

At the same time we are not persuaded, as argued here, that the entry of certain evidence and exhibits was error, where defense counsel elicited the very testimony now complained of and agreed to admission of the exhibit.   Finally, we hold that the interests of these defendants were not in conflict and, therefore, no prejudice resulted from their joint representation by retained counsel.

Affirmed.

LESINSKI, C. J., and T. G. KAVANAGH and FOLEY, JJ., concurred.