PEOPLE v. HILTON

1. CRIMINAL LAW — RIGHT TO COUNSEL — CODEFENDANTS — JOINT REPRESENTATION.

Failure to appoint separate counsel for codefendants is not inherent error; joint representation becomes improper only when the interest of one defendant so conflicts with the interests of another defendant that prejudice results from the joint representation.

2. CRIMINAL LAW—RIGHT TO COUNSEL—EFFECTIVE COUNSEL—CODE-FENDANTS—JOINT REPRESENTATION—PREJUDICE.

Appointment of the attorney retained by one codefendant to represent two indigent codefendants prejudiced the indigent codefendants where counsel failed to cross-examine the non-indigent's wife, appearing as witness for the people, for fear of destroying the non-indigent's defense of alibi and where counsel failed to object to testimony of a sheriff's department detective regarding a signed exculpatory statement made by the non-indigent codefendant which implicated indigent code-fendants.

3. CRIMINAL LAW—RIGHT TO COUNSEL—EFFECTIVE COUNSEL—CODE-FENDANTS—JOINT REPRESENTATION—PREJUDICE.

Codefendants in a joint trial were denied adequate representation of counsel where the attorney appointed to represent two codefendants and also retained in the same matter by a non-indigent codefendant was unable to make any decision of consequence respecting the indigent codefendants without harming the defense of the non-indigent codefendant.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law § 319.
Duty of court when appointing counsel for defendant to name attorney other than one employed by, or appointed for, a code-fendant. 148 ALR 183.

Appeal from Genesee, John W. Baker, J. Submitted Division 2 June 18, 1970, at Lansing. (Docket No. 8,542.)  Decided August 26, 1970.

Edward Lee Hilton was convicted of breaking a safe with intent to commit larceny.  Defendant appeals.  Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Edward Lee Hilton, in propria persona.*

Before: Fitzgerald, P. J., and R. B. Burns and Danhof, JJ.

R. B. Burns, J.  Defendant and two others, Robert L. Bush and Samuel B. Brandon, were arrested and charged with breaking a safe with intent to commit larceny.  MCLA § 750.531 (Stat Ann 1954 Rev § 28.799).  At their joint non-jury trial all three defendants were represented by one attorney; Brandon by retainer, defendant and Bush by appointment.  After the people had completed their proofs and rested, Bush and Brandon pleaded guilty of concealing stolen property valued at $100 or more.  Their pleas were accepted.  Trial continued against defendant Hilton who took the stand and denied any participation in the crime.  The court found defendant guilty as charged.

Defendant claims that joint representation denied him effective assistance of counsel.

Sometime during the evening of September 2, 1965, the Imperial Carpet and Furniture Company in Flint was robbed of a safe, business machines,

and post office substation supplies. The following morning Bush and Brandon were seen dumping a safe into Gilkey Creek. The safe was recovered and identified as the one taken from complainant's store. Defendant Bush and his wife were arrested in front of Brandon's home. Mrs. Brandon admitted the police into her home where office machines and post office substation supplies traced to complainant's store were found in the bedroom occupied by Mr. and Mrs. Bush. Defendant was implicated by Mr. and Mrs. Brandon.

Failure to appoint separate attorneys for indigent codefendants is not inherent error. Joint representation of codefendants becomes improper only when the interests of one defendant so conflict with the interests of other defendants that prejudice results from the joint representation. *Glasser* v. *United States* (1942), 315 US 60 (62 S Ct 457, 86 L Ed 680); *Fryar* v. *United States* (CA 10, 1968), 404 F2d 1071; *People* v. *Charles Thomas* (1968), 14 Mich App 718; *People* v. *Wavie Williams* (1969), 19 Mich App 291; *People* v. *Dockery* (1969), 20 Mich App 201; *People* v. *Bozeman* (1969), 20 Mich App 266.

The record in this case indicates that defendant Hilton's interests conflicted with the interests of the other defendants and that prejudice to him resulted from joint representation.

Mrs. Brandon, wife of counsel's paying client, testified for the people that on the night of the burglary she heard noises in her kitchen, investigated, and saw Hilton and Bush attempting to open a safe. She further testified that her husband was upstairs asleep at the time. Defense counsel did not cross-examine Mrs. Brandon about what she had seen or about her husband's whereabouts. To have thoroughly cross-examined her would have obviously risked destroying her husband's alibi.

A sheriff's detective testified to a statement signed by defendant Brandon. In that statement Brandon denied any participation in the burglary and stated that he found the safe and a sleeping Hilton in his kitchen. Defense counsel did not object to this testimony, although the testimony was a *prima facie* violation of *Bruton* v. *United States* (1968), 391 US 123 (88 S Ct 1620, 20 L Ed 476). Brandon did not testify. Defense counsel made no attempt to suppress Brandon's statement. In fact, in an apparently successful attempt to convince the court that Brandon's participation in the crime was limited to disposition of the safe, defense counsel had the detective read Brandon's entire statement to the court.

It is apparent that defendant was deprived of adequate representation because defense counsel, representing all three defendants in a single trial, could make no decision of consequence respecting appellant without harming his paying client. Defense counsel's trial tactics amounted to preferential treatment of his paying client.

Reversed and remanded.

All concurred.