PEOPLE v VAN BROCKLIN

1. CRIMINAL LAW—CONSTITUTIONAL LAW—EFFECTIVE ASSISTANCE OF COUNSEL.

    A defendant's right to effective assistance of counsel means that defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conflicting considerations; a defendant is entitled to the undivided loyalty of his counsel.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—EFFECTIVE ASSISTANCE OF COUNSEL—ACTUAL PREJUDICE—CODEFENDANTS.

    A showing of actual prejudice is required before the Court of Appeals will find that reversal is warranted because of denial of effective assistance of counsel where one defense counsel represents codefendants.

3. CRIMINAL LAW—CONSTITUTIONAL LAW—EFFECTIVE ASSISTANCE OF COUNSEL—CONFLICT OF INTEREST—IMMUNITY AGREEMENT—IMPEACHMENT.

    A defendant's conviction should be reversed because of a denial of effective assistance of counsel where (1) defense counsel was faced with a conflict of interest because he was representing both the defendant and a prosecution witness who had been granted immunity from prosecution in return for her testimony against the defendant, (2) defense counsel apparently resolved the conflict in favor of the prosecution's witness, making no attempt to impeach the witness's testimony by bringing out the immunity agreement, and (3) the error was not harmless beyond a reasonable doubt because the other evidence against the defendant was not compelling.

Appeal from Mason, Charles A. Wickens, J. Submitted June 6, 1977, at Grand Rapids. (Docket No. 24239.) Decided July 6, 1977.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 309 et seq.

[2, 3] 7 Am Jur 2d, Attorneys at Law § 154 et seq.

Joseph Van Brocklin was convicted of breaking and entering an occupied dwelling. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jon S. Shepherd,* Prosecuting Attorney (Prosecuting Attorneys Appellate Unit, *Mark I. Leach,* Assistant Attorney General, of counsel), for the people.

*Kathleen M. Cummins,* Assistant State Appellate Defender, for defendant.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and M. B. BREIGHNER,* JJ.

R. B. BURNS, P. J. Defendant was convicted by jury of breaking and entering an occupied dwelling contrary to MCLA 750.110; MSA 28.305. Defense counsel also represented a prosecution witness for whom he had secured immunity. The issue on appeal is whether defendant was deprived of effective assistance of counsel through counsel's failure to cross-examine the witness as to the immunity agreement. We hold that defendant was and reverse.

The evidence connecting defendant to the crime was largely circumstantial. Complainant's home was broken into and his sporting goods stolen. Earlier that day neighbors had observed a white station wagon with a red door and several occupants parked in complainant's yard. The next day complainant searched for and found a car matching the neighbor's description parked in front of the home of Eleanor Case. Several people left the house, got in the car, and attempted to drive away,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

but were stopped by sheriff's deputies. Defendant was the driver. A search of the Case house turned up some of the stolen sporting goods, including a bow with one of defendant's fingerprints on it. Complainant's neighbors were able to say only that defendant resembled the driver of the car they had seen, based on hair color and length.

Counsel for defendant also represented Ms. Case, and he advised her not to testify at defendant's preliminary examination. Counsel then secured for her immunity from prosecution in exchange for her testimony against defendant at trial. However, he then advised her that she need not appear at trial because travel money was not tendered with the prosecution's subpoena. When she failed to appear, the trial judge issued a bench warrant, and she was arrested and lodged overnight in jail as a material witness. The next day, the trial judge instructed her outside the presence of the jury, that if she did not testify she would not be immune from prosecution and would be held in contempt, and that if she did not testify truthfully she could be arrested for perjury. Ms. Case thereupon testified before the jury that, on the evening of the crime, her estranged husband, his brother and defendant had come to her home, and she had seen defendant hand some fishing poles to her husband, who placed them in the attic. She also testified that defendant was the only one she had ever seen drive the station wagon. The prosecution did not bring out the immunity agreement.

Defense counsel's cross-examination merely reiterated that Ms. Case had never seen anyone else drive the station wagon, and established the fact that the fishing poles were the only stolen objects she had ever seen in defendant's possession. Defense counsel attempted no impeachment, even by

the rather obvious course of bringing out the immunity.

A defendant's right to effective assistance of counsel means that:

" 'Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conflicting considerations.' " *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547, 553 (1976), quoting *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974).

Specifically, a defendant is entitled to "the undivided loyalty, of his counsel". *People v Gardner,* 385 Mich 392, 400; 189 NW2d 229, 234 (1971).

Where counsel have represented codefendants, we have required a showing of actual prejudice before finding reversal warranted. *People v Jones,* 64 Mich App 659, 667–668; 236 NW2d 531, 536 (1975), *People v Osborn,* 63 Mich App 719, 724; 234 NW2d 767, 770 (1975), *People v Marshall,* 53 Mich App 181, 189–190; 218 NW2d 847, 852 (1974), *People v Hilton,* 26 Mich App 274, 276; 182 NW2d 29, 30 (1970). This is because such relationships do not inevitably involve conflicts of interest. *People v Hilton, supra.* We need not decide whether representation of both a defendant and prosecution witness inevitably involves a conflict of interest such that prejudice may be assumed, since in the instant case we find actual prejudice.[1]

Ms. Case's testimony was damaging to defendant. Counsel was therefore faced with a conflict of interest. On the one hand, loyalty to defendant

---

[1] Distinguish the issue of whether an attorney should ever accept employment in a situation similar to that in the instant case. An attorney should avoid employment when conflict is *likely.* Code of Professional Responsibility, DR 5-105.

demanded that he attack the credibility of Ms. Case. On the other hand, loyalty to Ms. Case demanded that he let her testimony stand unimpugned. We can conceive of no reason of trial strategy why counsel would not at least bring out the immunity agreement. We can therefore only conclude that he resolved the conflict in favor of Ms. Case, to the detriment of defendant.

The other evidence against defendant was not compelling. We therefore cannot declare a belief that the error was harmless beyond a reasonable doubt. *People v Caffray,* 62 Mich App 486, 493; 233 NW2d 625, 628 (1975).

Reversed and remanded.