PEOPLE v BENTLEY

Docket No. 57951. Decided January 23, 1978. On application by
defendant for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, reversed the defendant's conviction
and remanded for further proceedings.

Robert Bentley was convicted by a jury in Saginaw Circuit Court,
Eugene Snow Huff, J., of armed robbery. One attorney was
appointed to represent the defendant and a codefendant in a
joint trial. The defendants' motions for separate trials were
denied and the Court of Appeals, Quinn, P. J., and Bronson, J.
(N. J. Kaufman, J., concurring), affirmed in an unpublished per
curiam opinion (Docket Nos. 18714–18715). Defendant applies
for leave to appeal, asserting that he was denied effective
assistance of counsel because his trial attorney also represented
a codefendant with conflicting interests. *Held:*

1. Although the defendant here made no formal objection to
the joint representation, possible conflicts of interest were
brought to the judge's attention in the motion for separate
trials. The defense of misidentification was raised in the instant
case but the attorney's cross-examination of an eyewitness may
have been inhibited by conflicting loyalties. An argument
stressing the greater reliability of lineup identification might
have helped the defendant but it was foreclosed because of
possible prejudice to the codefendant. The argument that the
codefendant's link to incriminating evidence was stronger than
the defendant's link to the evidence was not made. The joint
representation resulted in at least some prejudice to the de-
fendant. The trial court made no attempt to determine whether
the defendant was personally aware of the potential prejudice
and nonetheless waived his right to separate counsel. Absent
any showing of a voluntary and informed waiver of the right to
counsel in this case, the defendant was denied his right to the
effective assistance of counsel.

2. Denial of the right to counsel resulting from joint repre-
sentation of codefendants in this case is so offensive to the
maintenance of a sound judicial process that it cannot be
regarded as harmless error. Therefore, the defendant's convic-

tion is reversed and the case remanded to the circuit court for further proceedings.

Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmzrek,* Prosecuting Attorney, and *Peter C. Jensen,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Daniel J. Wright)* for defendant.

PER CURIAM. The defendant-appellant's delayed application for leave to appeal raises the question whether he was denied his right to counsel because his trial attorney also represented a codefendant with conflicting interests.

Defendant Bentley and codefendant Jordan were charged with armed robbery and convicted by a jury of that offense on July 24, 1973. One attorney was appointed to represent both defendants. The defendants made a pretrial motion for separate trials on the grounds that a witness had confused the two defendants in earlier identifications, only one defendant would present an alibi defense, and circumstantial evidence which incriminated one defendant would be difficult to separate from that which incriminated the other. The trial judge denied the motion after noting the policy favoring joint trials and determining that there were no statements by either defendant which incriminated the other defendant.

The Court of Appeals affirmed the convictions on July 24, 1975, holding that the defendants had not shown that the joint trial prejudiced their rights. In a concurring opinion, Judge KAUFMAN found that the judge should have *sua sponte* ordered the appointment of separate counsel for each defendant but concluded that the error was harmless beyond a reasonable doubt.

Although Bentley made no formal objection to the joint representation, possible conflicts of interests were brought to the judge's attention in the motion for separate trials. His attorney told the judge that a witness who identified Jordan at the lineup pointed to Bentley during the preliminary examination and said he was the person she had identified at the lineup. An argument by the attorney that the identification at the preliminary examination was not as reliable as the lineup identification would have impaired Jordan's defense. In addition, the stolen goods were found in the basement of the home of Jordan's sister. Jordan was found in the basement and Bentley was arrested outside the home. An argument stressing the relative weakness of this circumstantial evidence against Bentley would have been made at the expense of Jordan.

The defense of misidentification was raised but the attorney's cross-examination of an eyewitness may have been inhibited by conflicting loyalties. An argument stressing the greater reliability of lineup identification might have helped Bentley but it was foreclosed because of possible prejudice to Jordan. The argument that Jordan's link to incriminating evidence was stronger than the defendant's link to the evidence was not made. Thus, this joint representation resulted in at least some prejudice to Bentley. The potential for this prejudice had been brought to the attention of the trial court by the motion for separate trials, even though no formal objection was made to the joint representation. Despite that fact the trial judge made no attempt to determine whether Bentley was personally aware of this potential prejudice but nonetheless chose to waive his right to separate counsel.

Absent any showing of a voluntary and informed waiver of this right in this case, we hold that Bentley was denied his right to the effective assistance of counsel. Const 1963, art 1, § 20.

Having determined that Bentley was denied his right to counsel, we reach the remaining question, whether this error can be said to have been harmless beyond a reasonable doubt. We conclude that denial of the right to effective assistance of counsel in this case is so offensive to the maintenance of a sound judicial process that it cannot be regarded as harmless error. See *People v Mobley,* 390 Mich 57, 65–66; 210 NW2d 327 (1973); *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709 (1972). The application for leave to appeal is considered, and, pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, we reverse Bentley's armed robbery conviction and remand the cause to Saginaw Circuit Court for further proceedings.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.