PEOPLE v MENDEZ

Docket No. 78-1639. Submitted January 7, 1980, at Detroit.—Decided October 6, 1980.

Samuel Mendez was tried, along with seven others, and convicted of conspiracy to deliver heroin, Recorder's Court of Detroit, Harvey F. Tennan, J. Defendant appeals, alleging that he was deprived of effective assistance of counsel by the joint representation of all the defendants by retained counsel and by the conduct of defense counsel. He also alleges several instances of prosecutorial misconduct. *Held:*

1. In order for the sharing of defense counsel to result in ineffective assistance of counsel there must be actual prejudice to a defendant. No such prejudice occurred in this case.

2. The conduct of defense counsel did not deprive the defendant of effective assistance of counsel.

3. The instances of alleged prosecutorial misconduct did not create error sufficient to justify reversal.

Affirmed.

1. CRIMINAL LAW — INEFFECTIVE ASSISTANCE OF COUNSEL — MULTIPLE DEFENDANTS — SHARED COUNSEL.

There must be a showing of actual prejudice in order for a finding to be made that a defendant received ineffective assistance of counsel as a result of sharing counsel with codefendants.

2. CRIMINAL LAW — INEFFECTIVE ASSISTANCE OF COUNSEL — MULTIPLE DEFENDANTS — SHARED COUNSEL — PREJUDICE.

Some factors to be considered in determining whether a defendant may be prejudiced by sharing counsel with codefendants are: whether the defendant will lose the benefit of argument stressing that the codefendants are linked more strongly to incriminating evidence than the defendant; whether cross-examination of a witness may be inhibited by conflicting loyalties;

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 315.5.

[2] 7 Am Jur 2d (Rev), Attorneys at Law §§ 48, 49.

What constitutes representation of conflicting interests subjecting attorney to disciplinary action. 17 ALR3d 835.

and whether the testimony to be presented will portray differing degrees of culpability between the defendants, requiring counsel to draw a line of demarcation as to the relative culpability of his clients.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Robert J. Sheiko,* Assistant Prosecuting Attorney, for the people.

*Sheldon Halpern (Eileen R. Scheff,* of counsel), for defendant on appeal.

Before: R. M. MAHER, P.J., and M. F. CAVANAGH and CYNAR, JJ.

PER CURIAM. Defendant was convicted by a jury of conspiracy to deliver heroin, MCL 750.157a; MSA 28.354(1) and MCL 335.341(1)(a); MSA 18.1070(41)(1)(a), and sentenced to 10 to 20 years imprisonment. Seven other defendants were tried along with defendant Mendez on the conspiracy charge. Defendant Mendez was found not guilty on two counts of delivery of heroin. He appeals his conspiracy conviction as of right.

Defendant first argues that he was deprived of effective assistance of counsel by the joint representation of all of the defendants by retained counsel. At the insistence of the prosecutor several purported waivers were made by the defendants of any claim of conflict arising out of the multiple representation. The dispute over the validity of these waivers need not be addressed by this Court with regard to defendant Mendez because a review of the transcript in this case indicates that defendant Mendez was not prejudiced by the multiple representation of himself and his codefendants by retained counsel.

In order for ineffective assistance of counsel to result from shared counsel by codefendants there must be a showing of actual prejudice. *People v Van Brocklin,* 76 Mich App 427; 257 NW2d 107 (1977). One factor in determining whether a defendant was prejudiced by multiple representation is whether the defendant lost the benefit of argument stressing that the codefendants' link to incriminating evidence was greater than defendant's. See *People v Bentley,* 402 Mich 121; 261 NW2d 716 (1978). Another indication of prejudice exists when the cross-examination of an eyewitness may be inhibited by conflicting loyalties. *People v Bentley, supra.* In *People v Gardner,* 406 Mich 369; 279 NW2d 785 (1979), the Court ruled that prejudice is shown, even when the defenses are not necessarily inconsistent, when it is apparent that the testimony will portray differing degrees of culpability between the defendants, requiring counsel to draw a line of demarcation as to the relative culpability of his clients.

When these criteria are applied to the trial in the instant case, it becomes apparent that defendant Mendez was not prejudiced by the multiple representation of the defendants. The drug organization in this case was alleged by witness Gary Stewart to be run by Samuel Mendez out of the Golf King Recreation Center. While there was much police and informant testimony regarding narcotics purchases from the other defendants, these witnesses were carefully questioned regarding the lack of participation by defendant Mendez in these transactions. Witness Gary Stewart provided the testimony connecting the individual sales into a specialized drug distribution organization run by Mendez. The consistent defense strategy present in the case was to impeach and dis-

credit the critical testimony of Gary Stewart. This was done by impeaching his testimony with inconsistent preliminary examination testimony and by introducing a series of defense witnesses who testified that Stewart was operating the drug sales out of the Golf King Recreation Center. Defense witnesses testified that Stewart had a motive to blame the sales on Mendez because Mendez had humiliated him during a pool game and because Stewart needed to cooperate with the police in order to get the charges against him dismissed.

All of the testifying defendants, Phillip Hayes, Arthur Sosa, and Jack Sirhan, testified that they had never known defendant Sam Mendez to have anything to do with narcotics. Thus, even though defendants Phillip Hayes and Arthur Sosa admitted that they were users of heroin and Jack Sirhan admitted that he had sold drugs for prosecution witness Gary Stewart, these admissions were consistent with the defense strategy to demonstrate that prosecution witness Stewart, and not defendant Mendez, was responsible for drug traffic at the Golf King Recreation Center. Defense counsel spent considerable time in his closing argument portraying Mendez as a model citizen with a clean record and no evidence against him except the testimony of witness Stewart.

Thus it is clear that defendant Mendez did not lose the benefit of arguments stressing that the evidence linking him to the crime was weak or suspect. Additionally, defendant did not appear to be prejudiced by any inhibition in cross-examination. Finally, defendant was not prejudiced by evidence of differing degrees of culpability since defense counsel's efforts throughout the trial were aimed at showing the lack of involvement in narcotics by defendant Mendez, thereby demonstrat-

ing the nonexistence of the Samuel Mendez organization or conspiracy.

Defendant's second claim of error is that he was denied effective assistance of counsel based on the conduct of defense counsel, apart from the multiple representation of defendants. A review of the incidents cited by defendant discloses that defendant Mendez was not denied effective assistance of counsel under the test set forth in *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976).

Defendant also makes several claims regarding prosecutorial misconduct. Of these, only two merit any discussion. The prosecutor's elicitation of testimony regarding defendant's employment situation did not create reversible error for the reasons set forth in *People v John Moore,* 78 Mich App 150; 259 NW2d 403 (1977).[1] Any impropriety in the closing argument made by the prosecutor did not create reversible error in view of the cautionary instruction given by the trial court. See *People v Hall,* 396 Mich 650; 242 NW2d 377 (1976).

Defendant's final two claims of error are without merit. We find no reversible error, and therefore affirm.

Affirmed.

---

[1] This conclusion is reinforced by the Michigan Supreme Court's recent opinion in *People v Henderson,* 408 Mich 56, 66; 289 NW2d 376 (1980), *rev'g* 80 Mich App 447; 264 NW2d 22 (1978).