PEOPLE v CHARLES R CLARK

Docket No. 46442. Submitted January 7, 1981, at Detroit.—Decided June 3, 1981.

Charles Clark was convicted, on his plea of guilty, of armed robbery and felony-firearm in the Wayne Circuit Court, Michael L. Stacey, J. The conviction arose out of an incident in which he and his wife robbed a savings and loan association. The same attorney was appointed by the court to represent them both. Defendant appeals. *Held:*

Codefendants represented by the same counsel cannot give a voluntary and informed waiver of the right to separate counsel unless they are informed of the potential prejudice they might suffer by joint representation. A trial court has an affirmative duty to explore the risks of multiple representation and to give particular examples of where conflicts might arise as well as advising defendants of the alternatives regarding separate counsel in instances where two or more criminal defendants are represented by the same attorney at trial. A conflict of interest on the part of a defense attorney may deprive a defendant of his right to counsel, but such will not be the case unless the interests of two defendants, represented by the same counsel, so conflict with each other that actual prejudice results. Defendant was prejudiced since the facts showed different degrees of culpability between him and his wife which had to be distinguished by counsel.

Reversed and remanded with instructions.

1. CRIMINAL LAW — TRIAL COURTS — MULTIPLE REPRESENTATION.

A trial court has an affirmative duty to explore the risks of multiple representation and to give particular examples of where conflicts might arise as well as advising defendants of the alternatives regarding separate counsel in instances where

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 75 Am Jur 2d, Trial §§ 9, 17, 18.

[2] 21 Am Jur 2d, Criminal Law §§ 316, 317.

[3, 4] 21 Am Jur 2d, Criminal Law § 312.

75 Am Jur 2d, Trial § 20.

two or more criminal defendants are represented by the same attorney at trial.

2. CRIMINAL LAW — RIGHT TO COUNSEL — JOINT REPRESENTATION — WAIVER.

Codefendants represented by the same counsel cannot give a voluntary and informed waiver of the right to separate counsel unless they are informed of the potential prejudice they might suffer by joint representation.

3. CRIMINAL LAW — RIGHT TO COUNSEL — JOINT REPRESENTATION.

A conflict of interest on the part of a defense attorney may deprive a defendant of his right to counsel, but such will not be the case unless the interests of two defendants, represented by the same counsel, so conflict with each other that actual prejudice results.

4. CRIMINAL LAW — RIGHT TO COUNSEL — JOINT REPRESENTATION.

Prejudice results from joint representation of codefendants where testimony portrays different degrees of culpability requiring counsel to distinguish the relative culpability of his clients.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

*Susan J. Smith,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. BURNS, P.J., and R. M. MAHER and D. C. RILEY, JJ.

T. M. BURNS, P.J. Defendant appeals as of right his February 26, 1979, guilty plea convictions of armed robbery and possession of a firearm during the commission of a felony. MCL 750.529; MSA 28.797, MCL 750.227b; MSA 28.424(2). On March 19, 1979, defendant was sentenced to the two-year mandatory term of imprisonment for the felony-firearm conviction and given a consecutive 4-1/2-

to 15-year sentence for the armed robbery conviction.

Defendant's convictions arose out of an incident in which he and his wife robbed a savings and loan association. According to the facts stated on the record at the plea proceeding, defendant and his wife robbed the Downriver Federal Savings and Loan in Southgate, Michigan, on October 24, 1978. Defendant's wife was carrying a shotgun at the time of the robbery. This weapon had been prepared by defendant in such a manner so that it could be operated by his wife, who had never fired a gun before. While his wife held the shotgun on various persons in the bank, defendant entered the tellers' cages and took money out of drawers that were there.

Defendant raises one issue in this appeal that we feel is dispositive of this matter. He claims that he was denied effective assistance of counsel because the attorney who was appointed to represent him was also appointed to represent his wife. Defendant argues that this situation gave rise to a conflict of interest on behalf of the attorney and that this prejudiced him. We agree.

In cases where one attorney represents multiple defendants, a trial judge has an affirmative duty to explain the risks of joint representation to the defendants and to advise them of the alternatives regarding separate counsel. *People v Edward Villarreal,* 100 Mich App 379; 298 NW2d 738 (1980). Unless defendants are informed of the potential prejudice that they might suffer by joint representation, they cannot give a voluntary and informed waiver of their right to separate counsel. *People v Bentley,* 402 Mich 121; 261 NW2d 716 (1978).

In the case at bar, the attorney who represented both defendant and his wife was not retained by

either of them. Rather, he was appointed by the court. Thus, defendant was involuntarily put in a position of potential prejudice and the record reflects that he was never informed of the dangers of joint representation despite the fact that at a February 23, 1979, suppression hearing he indicated that he was not satisfied with the attorney appointed to represent him and that he wished to retain another. On this record then, we cannot say that defendant validly waived his right to separate counsel.

Joint representation of defendants, however, does not always lead to a conflict of interest of such magnitude as to warrant reversal. Where an attorney has represented two or more codefendants at one trial, this Court has required a showing of actual prejudice as a prerequisite for finding reversible error. *People v Jones,* 64 Mich App 659; 236 NW2d 531 (1975), *People v Hilton,* 26 Mich App 274; 182 NW2d 29 (1970).

One criterion to which this Court has looked to determine the existence of prejudice is whether the defendant has lost the benefit of argument stressing the codefendant's link to specific evidence as mitigating the culpability of the defendant. *People v Bentley, supra, People v Edward Villarreal, supra.*

Further, our Supreme Court has ruled that, where testimony portrays different degrees of culpability between the defendants and thus requires counsel to distinguish the relative culpability of his clients, prejudice exists even though the defenses are not necessarily inconsistent. *People v Gardner,* 406 Mich 369; 279 NW2d 785 (1979).

In the instant case, a problem arose with the taking of defendant's wife's plea to the felony-firearm charge because she could not affirmatively

testify that the shotgun was operable. In order to place evidence to this effect on the record, defendant testified as to his actions in preparing the gun so that it could operate and instructing his wife on how to shoot it. This testimony, as well as other evidence produced so that his wife's plea could be taken, put defendant in the light of being the ringleader for the armed robbery. These inculpatory statements by the defendant were in no way beneficial to himself. Rather, they were for the convenience of producing a sufficient factual basis for his wife's plea. Thus, the record does reflect a sufficient showing of prejudice to warrant a finding that defendant was prejudiced by his joint representation with his wife. As a consequence, we vacate defendant's convictions and remand this case for further proceedings.

Defendant raises one other issue in this case that merits comment. He argues that he cannot be convicted of violating the felony-firearm statute inasmuch as he did not personally possess a firearm during the commission of the armed robbery. On remand defendant's argument shall be considered and ruled upon by the lower court in a manner consistent with the opinion of our Supreme Court in *People v Johnson,* 411 Mich 50; 303 NW2d 442 (1981).

Remanded for further proceedings consistent with this opinion.