PEOPLE v POWELL

Docket No. 50547. Submitted February 9, 1982, at Detroit.—Decided
  August 25, 1982.
  Rickie Powell was convicted of assault with intent to commit
    murder, Jackson Circuit Court, Gordon W. Britten, J. Defen-
    dant appeals by leave granted, alleging, *inter alia,* that the
    trial court abused its discretion in allowing the indorsement of
    three prosecution witnesses on the day of trial and in denying
    defendant's request for a continuance. *Held:*
    Defendant's request for an adjournment encompassed his
    constitutional right to due process. The reason for requesting
    the adjournment was legitimate. Defense counsel had no oppor-
    tunity to interview the two expert witnesses before trial and
    was surprised by the information given by the third witness in
    an interview granted on the first day of trial. Thus, defense
    counsel had no chance to prepare adequately to rebut the
    expert testimony or to cross-examine the third witness. Refusal
    to grant a continuance was an abuse of discretion.
    Reversed and remanded.
    M. J. KELLY, J., dissented. He would find on the facts herein
    that defense counsel must have known of the existence of the
    third witness long before trial and had ample time to interview
    her. He would also find that counsel had ample time to inter-
    view the two expert witnesses and prepare for a rebuttal of
    their testimony if it was, in fact, rebuttable. He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — INEFFECTIVE ASSISTANCE OF COUNSEL.
   There must be a showing of actual prejudice in order for ineffec-
   tive assistance of counsel to result from shared counsel by
   codefendants.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21A Am Jur 2d, Criminal Law § 980.
   Circumstances giving rise to conflict of interests between or among
   criminal codefendants precluding representation by same counsel.
   34 ALR3d 470.
[2-5] 17 Am Jur 2d, Continuance §§ 3, 42, 46.
   41 Am Jur 2d, Indictments and Informations §§ 56, 60.

2. WITNESSES — INDORSEMENT OF WITNESSES — CRIMINAL LAW.

The late indorsement of a witness and the denial of a motion for a continuance are within the discretion of the trial court, and the trial court's decision will not be overturned absent an abuse of discretion.

3. WITNESSES — INDORSEMENT OF WITNESSES — CONTINUANCE — CRIMINAL LAW.

Four factors are to be considered in determining whether a trial court abuses its discretion in denying a defendant's request for a continuance upon the late indorsement of prosecution witnesses: (1) the defendant was asserting a constitutional right; (2) he had a legitimate reason for asserting the right; (3) he was not guilty of negligence; (4) prior adjournments were not at the defendant's behest; additionally, the defendant must demonstrate that he was prejudiced by the trial court's abuse of discretion.

4. WITNESSES — INDORSEMENT OF WITNESSES — CONTINUANCE — CRIMINAL LAW.

Denial of a continuance which is needed to prepare for expert testimony is fundamentally unfair; ordinarily, late indorsement should be permitted and a continuance granted to obviate potential prejudice, the only necessity being that the objecting party have time to interview the witness before he is called to testify and to investigate facts bearing on his credibility, when appropriate.

DISSENT BY M. J. KELLY, J.

5. WITNESSES — INDORSEMENT OF WITNESSES — CRIMINAL LAW.

*A trial court did not abuse its discretion in denying a defendant's request for a continuance, upon indorsement of three prosecution witnesses on the day of trial, where the defendant's counsel had ample opportunity to interview those witnesses before they testified.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Myron E. Sanderson,* Special Prosecuting Attorney, for the people.

*Richard D. Hitt (Martin J. Beres,* of counsel), for defendant on appeal.

Before: D. C. RILEY, P.J., and D. E. HOLBROOK, JR., and M. J. KELLY, JJ.

PER CURIAM. Defendant was convicted by a jury of assault with intent to commit murder, MCL 750.83; MSA 28.278. He was sentenced to serve from 2 to 15 years in prison.

The conviction stems from a series of three shooting incidents on May 11, 1976, involving the occupants of two automobiles. One automobile contained, at least, Messrs. Howard, Brown, and defendant Powell. The other automobile was occupied by Messrs. Holbrook and Moore. The conflicting testimony indicates that there was an exchange of gunfire between the occupants of the automobiles in the parking lot of Parkside High School in Jackson, during the lunch hour. The occupants drove the vehicles out of the high school parking lot and through the city during which times someone in the Howard vehicle shot at the Holbrook vehicle on two other occasions. All parties were arrested and charged with assault with intent to commit murder. Counsel was appointed to represent codefendant Brown and a short time later, after defendant Powell was unable to retain his own attorney, the court appointed the same counsel to represent him.

Defendant avers that the joint representation of himself and codefendant Brown constituted a conflict of interest which deprived him of his right to effective assistance of counsel. "In order for ineffective assistance of counsel to result from shared counsel by codefendants there must be a showing of actual prejudice." *People v Mendez,* 101 Mich App 735, 737; 300 NW2d 327 (1980). We need not determine if there has been an actual showing of prejudice in this case in that the other allegations

of error put forth by the defendant require reversal.

One week before the start of trial, the prosecutor moved to indorse three witnesses: Edward Busch, Robert Cilwa, and Tillie Brown. Busch and Cilwa, police officials, were necessary to establish the chain of evidence on the sawed-off shotgun allegedly used during the shooting spree. Ms. Tillie Brown claimed she saw defendant carrying the shotgun shortly after the shootings and heard defendant and Howard discuss what happened. The court postponed final decision on the motion to indorse until the day of trial so that defense counsel would have an opportunity to interview these three witnesses.

By the start of trial, defense counsel had not had an opportunity to interview Busch, Cilwa, or Ms. Brown. The prosecutor had previously furnished defense counsel with a copy of Cilwa's report on the shotgun shell cartridge found at the high school, which stated that the cartridge had been fired from the sawed-off shotgun in police custody. Ms. Brown arrived after trial had started and a recess was held to allow defense counsel an opportunity to interview her. Subsequently, defense counsel renewed his objection to her late indorsement. However, the trial court permitted her name to be added to the information, along with Busch's and Cilwa's. Defense counsel then moved for an adjournment which the trial court denied.

The late indorsement of a witness is within the discretion of the trial court and that decision will not be overturned absent an abuse of discretion. *People v Sullivan,* 97 Mich App 488, 491; 296 NW2d 81 (1980). The denial of a motion for a continuance is likewise within the discretion of the trial court.

In *People v Wilson,* 397 Mich 76; 243 NW2d 257 (1976), the Court dealt with a similar fact pattern when the Court had to decide if the trial court abused its discretion in granting the prosecutor's trial-day motion to indorse two police chemists as witnesses and in refusing to allow defendant a continuance in order to prepare to cross-examine them.

The *Wilson* Court enumerated four factors important to the consideration of whether the trial court had abused its discretion: "(1) the defendant was asserting a constitutional right; (2) he had a legitimate reason for asserting the right; (3) he was not guilty of negligence; (4) prior adjournments of trial were not at the defendant's behest." *Wilson, supra,* 81. Defendant must also demonstrate that he was prejudiced by the trial court's abuse of discretion. *Id.* The Court then concluded that "the trial court was in error not because it granted trial day indorsement, but because in granting the indorsement it did not grant a reasonable continuance to defendant in order to prepare to meet the unexpected development in the trial." *Id.,* 83.

Upon analyzing the four factors, it is apparent that an abuse of discretion occurred in the case at bar. First, defendant's request for an adjournment encompassed his right to due process under both the state and federal constitutions. Denying a continuance which is needed to prepare for expert testimony is fundamentally unfair. *Wilson, supra,* 81-82.

Defendant had a legitimate reason for requesting the adjournment. The prosecutor did not apprise defendant that the two experts would testify about ballistic tests until the Friday before the Monday trial date. Defense counsel was unable to

interview them before trial. The trial-day interview testimony of Ms. Brown was contrary to what defense counsel believed occurred and caused genuine surprise. A bona fide request for time to prepare for the unexpected testimony was requested by defendant. *Wilson, supra,* 82.

The record reveals no negligence on defense counsel's part and there apparently was no previous adjournment caused by defendant. We note that approximately three months before trial, defense counsel had made a written discovery request for any statements or admissions made by defendant and the prosecutor never revealed those allegedly made to Ms. Brown. Finally, ample prejudice is apparent. Codefendant Brown's sister was the only nonparticipant who saw defendant carrying any weapon on the day of the shootings. The ballistics expert's testimony connected the shotgun shell cartridge, found in the high school parking lot, with the shotgun confiscated later that day which defendant had allegedly used. Defendant had no chance to prepare adequately to rebut the expert testimony or cross-examine Ms. Brown.

*"Ordinarily, late endorsement should be permitted and a continuance granted to obviate potential prejudice* that might result. * * * All that is necessary is that the objecting party have time to interview the witness before he is called to testify, and to investigate facts bearing on his credibility, when appropriate." *People v Harrison,* 44 Mich App 578, 586; 205 NW2d 900 (1973). (Emphasis added.) In this case, defense counsel did not have adequate time to interview the witnesses or investigate facts bearing on their credibility. Consequently, the trial court abused its discretion by refusing defendant's request for an adjournment.

Reversed and remanded.

M. J. KELLY, J. *(dissenting).* I believe leave was improvidently granted for this December 8, 1976, conviction. I do not believe reversible error is indicated nor that defendant's attorney was deprived of any opportunity to interview Ms. Tillie Brown.

The same defense attorney who represented Rickie Powell represented Dennis Brown, the brother of Tillie Brown the witness, and she and Dennis resided at the same address. Dennis had already pled guilty pursuant to a plea bargain and was awaiting sentence at the time of Rickie Powell's trial.

Defendant and his two accomplices ran into the Brown house shortly after the shooting and were followed within five minutes by the police officers who apprehended them and confiscated the weapons. The witness, Ms. Brown, was present in the house when the three desperados rushed in and attempted to hide the weapons. It is inconceivable that defendant did not know of her presence and her status. It is incredible that defendant's attorney would not have previously discussed the case with her in the course of his representation of her brother. The final straw of refutation comes from the police report which lists Tillie Brown as a witness. Neither side could claim they were unaware of her existence.

As to the two expert witnesses the defendant's attorney had ample time to interview those witnesses between Friday and Monday; the reason an adjournment was denied was that 20 witnesses had already been lined up and the court's time set aside for this trial. Furthermore if that expert testimony was rebuttable the defendant surely could have been resourceful enough to obtain an expert to rebut it. The trial court assured counsel

he would be afforded ample time to interview the experts.

In sum, I am persuaded that defense counsel, attempting the strategy of the desperate, was desirous only of disrupting the proceedings by way of an adjournment and not of any bona fide attempt to interview the witnesses.

I would affirm.